# VIOLA CROTTY v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 21, 1913.

Nos. 17,824–(211).

**Complaint sufficient.**

A complaint which alleged in substance that defendant negligently furnished deceased with a defective monkey wrench to use in adjusting an air pump on a locomotive, that defendant had been notified of the defect, that by reason of such defect the wrench slipped while decedent was using it, he was thrown to the ground and sustained injury from which he died, is a sufficient pleading of actionable negligence. [Reporter].

**Assumption of risk.**

The question whether the workman assumed the risk is a matter of defense. If the assumption of risk appears affirmatively from the facts of the complaint, the question can be raised by demurrer. The complaint in this case does not show as a matter of law decedent assumed the risk from using a defective monkey wrench. [Reporter].

Action in the district court for Cass county. Defendant demurred to the complaint. From the order overruling the demurrer, Stanton, J., defendant appealed. Affirmed.

*M. L. Countryman* and *J. A. Murphy,* for appellant.

*B. A. Flynn,* for respondent.

PER CURIAM.

This is an appeal from an order overruling a demurrer to the complaint. It is alleged in substance that the defendant negligently furnished deceased with a defective monkey wrench for use in adjusting an air pump upon a locomotive

[1] Reported in 139 N. W. 948.

---

Note.—As to the liability of the master for injury by defect in common tools, see notes in 13 L.R.A.(N.S.) 668, and 40 L.R.A.(N.S.) 832.

On the question of the assumption of obvious risks of hazardous employment, see note in 1 L.R.A.(N.S.) 272. As to servant's assumption of risks of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990. And for servant's assumption of risk from latent danger or defect, see note in 17 L.R.A.(N.S.) 76.

engine, that defendant had been notified of the defect, that by reason of such negligent defect the wrench slipped while deceased was using it, and he was thrown to the ground and sustained injury from which he died. This is sufficient pleading of actionable negligence.

Appellant contends that it conclusively appears from the allegations of the complaint that deceased had assumed the risk incident to the use of this defective wrench. We cannot so hold.

It does not appear that deceased had ever used the wrench before. The circumstances under which it was furnished to him on this occasion do not appear. It does not conclusively appear that he knew of the defect, or had opportunity to observe it. None of these things will be presumed. Assumption of risk is a matter of defense. While the question may be raised by demurrer, if the assumption of risk appears affirmatively from the face of the complaint, we cannot hold that the facts pleaded in this complaint show as a matter of law that deceased assumed the risks incident to the use of the wrench.

Order affirmed.