## SWAN F. HJELM v. CITY OF ST. CLOUD.[1]

April 30, 1915.

Nos. 19,154—(98).

**Charter of St. Cloud — venue of actions.**

> Section 275 of the home rule charter of the city of St. Cloud providing that "all suits or proceedings by or against said city not brought before a city justice shall be brought in the district court of said Stearns county; and no other court whatever shall have original jurisdiction thereof," is *held* to refer to transitory actions and to actions and proceedings pertaining to or growing out of governmental affairs of the city, and does not apply to actions for the recovery of real estate which are governed by the general law found in section 7715, G. S. 1913.

Action in the district court for Benton county to cancel a deed and to adjudge that plaintiff was owner in fee of the property de-

[1] Reported in 152 N. W. 408.

scribed and entitled to the possession thereof, and to compel defend-. ant to account for the rents and profits. From an order, Nye, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

Harry S. Locke, for appellant.

James E. Jenks, City Attorney, for respondent.

HOLT, J.

Plaintiff began this action in the district court of Benton county, alleging in his complaint, in substance, that he was the son and sole heir of Swan Hjelm, who died intestate in 1913; that in September, 1912, Swan Hjelm was the owner of two lots in East St. Cloud, Benton county, Minnesota; that while such owner he became non compos and subject to insane delusions as to his property; that, while in this condition, to the knowledge of the officers and agents of the city of St. Cloud, they fraudulently induced him to deed said lots to the city without any adequate consideration; that said lots were procured by the city for investment and speculation; that after procuring the deed the city took possession, and does now entirely exclude plaintiff from possession and from participation in the rents and profits derived from the lots, the same being improved; and plaintiff demands judgment for cancelation of the deed, that he be decreed the owner and entitled to possession of the premises, and for such further relief as he may show himself entitled to. Defendant demurred on the ground that the district court of Benton county had not jurisdiction of defendant or of the subject of the action. Plaintiff appeals from the order sustaining the demurrer.

The defendant suggests as a preliminary question, that plaintiff's ownership is insufficiently alleged—that the averment that he is the sole heir is a mere legal conclusion. As against the grounds specified for demurring we do not think the complaint fatally defective. It alleges plaintiff to be a son of Swan Hjelm, who died intestate, and that defendant entirely excludes plaintiff from the possession of the property wrongfully and fraudulently obtained from plaintiff's father, and from all rents and profits derived therefrom.

Should the demurrer have been sustained on the ground that the

district court of Benton county could not obtain jurisdiction of the defendant? It is true that all transitory actions against municipalities are inherently local, so that, as against an objection properly raised, such actions may not be tried in any other county than the one wherein is the governmental office of the sued municipality. State v. District Court of Waseca County, 120 Minn. 458, 139 N. W. 947, Ann. Cas. 1914C, 106. But it has not been held that if a transitory action is brought against a city in the district court of a county other than the one wherein the city is located there is want of jurisdiction to hear and determine the matter. In the absence of specific statutory denial of jurisdiction to all district courts except the one wherein is the defendant municipality, we do not think a complaint demurrable because it therefrom appears that such defendant has not its governmental seat in the county where sued, unless this part of the section 275 of the home rule charter of this defendant so determines as to it: "All suits or proceedings by or against said city not brought before a city justice shall be brought in the district court of said Stearns county, and no other court whatever shall have original jurisdiction thereof." Section 36 of article 4 of the Constitution, granting cities power to frame their own charters, provides that the legislature shall prescribe by law the limits within which such charter shall be framed. Defendant claims authority for enacting section 275 in the enabling act passed pursuant to the constitutional direction, particularly as expressed in this sentence in section 1345, G. S. 1913: "It may prescribe methods of procedure in respect to the operation of the government thereby created, and the duties thereunder of all courts and officers of the district and county in which the city is situated, which duties such courts and officers shall perform." In all matters pertaining to municipal government the provisions of home rule charters override general laws with respect to the same subject. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1113; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A.(N.S.) 689, 16 Ann. Cas. 169. But we do not think it may be said that methods of procedure in the operation of city government in-

clude within their scope the power to limit or control the jurisdiction of state courts, especially as to matters not arising out of the conduct of municipal affairs proper. According to the allegations of the complaint the fraud alleged to have been committed by defendant had no connection with its municipal business. It was purely of the sort sometimes indulged in by private parties for gain. However, it may well be said that section 275 of defendant's charter is of the same force and effect as the act of the legislature in 1889 granting the charter under which the city of St. Cloud operated until the present home rule charter was adopted. Section 17 of chapter 14 of the charter of the city of St. Cloud as found in chapter 6, p. 196, of the Special Laws of 1889, is identical with said section 275 of the present charter. In the enabling act (section 1345, G. S. 1913), is found this sentence with reference to what a city may do in framing a home rule charter: "It may omit provisions in reference to any department contained in special laws then operative in said city or village, and provide that such laws or such parts thereof as are specified, shall continue in force therein."

But, as we view the matter, the language found in the original charter granted by the legislature to defendant and carried over *verbatim* into section 275 of its present charter should be held to apply to transitory actions and proceedings, including those arising in the carrying on of defendant's governmental function, and should not control those actions which, in equally strong terms, the legislature by general law, have assigned to a local forum. Section 7715, G. S. 1913. Construing the complaint to allege sufficiently plaintiff's ownership of the lot, we think the action is one for the recovery of real estate properly brought and triable in Benton county where the lots are situated. As to subject matter the action is the same as disclosed in State v. District Court of Big Stone County, 120 Minn. 526, 139 N. W. 613. See also Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939. Our conclusion is that the general law governs the venue in this case wherein real estate is sought to be recovered, and the demurrer should have been overruled.

Order reversed.