## No. 9217.

### NORTH STERLING IRRIGATION DISTRICT *v.* DICKMAN.

1. IRRIGATION DISTRICT—*Action against—Venue.* An action against an irrigation district is controlled by sec. 25 of the Code. An action for an injury to lands by seepage from the ditch of an irrigation district is properly brought in the county in which the lands are situated.

2. PLEADING—*Complaint for Injury to Lands by Seepage Water,* alleging that the waters of defendant's ditch were negligently permitted to escape therefrom to plaintiff's land, to the injury thereof, without any reasonable or proper effort, to prevent it, held sufficient.

3. APPEAL AND ERROR—*Verdict on Conflicting Evidence,* is not disturbed where there is in the record sufficient evidence to sustain it.

*Error to Morgan District Court, Hon. Charles Cavender, Judge.*

Messrs. MUNSON, KEATING & MUNSON, Messrs. ROLFSON & HENDRICKSON, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought by William F. Dickman to recover damages for injuries to real property located in Morgan County, alleged to have been caused by seepage from an inlet ditch belonging to, and constructed and maintained by, defendant. Plaintiff had judgment in the sum of $2,500.00. Defendant assigns error and brings the cause here for review.

In determining this case it will be necessary to discuss only those assignments of error which relate to the

overruling of the motion of defendant for a change of venue, and to those raised by the demurrer of defendant to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action.

It appears that defendant, The North Sterling Irrigation District, is a quasi-municipal corporation. It is vigorously urged that an action against such a corporation is inherently local, and for that reason the action should have been tried in Logan County, the domicile of defendant. A number of cases from other jurisdictions are cited in support of this contention. These cases are not in point for the reason that the Code of Civil Procedure of this state has definitely fixed the venue of actions affecting realty, by section 25, as follows:

"Except when otherwise provided, actions for the following causes shall be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this act: First—For the recovery of real property, or of any interest therein, or for the determination of any form of such right or interest, and for injuries to real property."

There is nothing provided elsewhere in the act which even by implication excepts defendant, as a quasi-municipal corporation, from the provisions of this section. The action is one in which the venue is definitely determined by the subject matter, which was to recover for damages to land located in Morgan County. The bare fact that defendant happens to be a quasi-municipal corporation cannot abrogate this provision of the Code as to venue. In *County Commissioners of Montezuma County v. County Commissioners of San Miguel County*, 3 Colo. 137, the Court of Appeals in effect declared that the Code provisions as to venue applied to municipal corporations by refusing a change of venue when suit was brought in the county where the action accrued according to the provisions of the Code. See also *Gunnison v. Saguache County*, 2 Colo. App. 412, 31 Pac.

183. Furthermore, it is clear that there was no intent upon the part of the legislature to exempt irrigation districts from the Code provisions relating to actions, from the fact that the act creating irrigation districts expressly provides, among other things, in section 3453, R. S. 1908, that:

"In all courts, actions, suits or proceedings, the said board may sue, appear and defend in person or by attorneys and in the name of such irrigation district."

The motion for a change of venue was properly denied.

It is also argued that the complaint failed to sufficiently allege the negligence complained of and therefore the demurrer thereto should have been sustained. The complaint sets out the location of the ditch in reference to the land of the plaintiff; that it was dug through porous soil upon the side of a hill above the land in question, and that the water from the ditch seeps upon the land. The negligence is then alleged as follows:

"The defendant has negligently and carelessly failed and neglected to make any reasonable and proper efforts to prevent seepage therefrom or any effort at all, but has continued at all times to negligently and carelessly permit said seepage to escape from said ditch in, through and upon the lands of the plaintiff."

The allegation that the waters were carelessly and negligently permitted to escape and injure the land of the plaintiff in effect charges defendant with the violation of a right or duty which it owed to the plaintiff. The specific set charged is permitting the escape of the water upon the land in question, which, it is alleged, was done negligently and carelessly and without any effort whatsoever, reasonable or otherwise, to prevent such escape, and is sufficient to make  a good complaint as against a general demurrer.

Defendant sets out at length much of the testimony adduced and comments upon it for the purpose of demonstrating that it is overwhelmingly in its favor. Under the firmly established rule the verdict of a jury will not be set aside when, as here, there is sufficient competent evidence

to sustain it. There is nothing in the record to bring this case within the exception to the general rule. The instructions given correctly stated the law, and the judgment should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.