## STATE EX REL. STANLEY GATES & COMPANY v. DISTRICT COURT OF BECKER COUNTY AND OTHERS.[1]

April 1, 1921.

No. 22,384.

**Venue of action against municipality.**

Order to show cause why writ of mandamus should not issue requiring defendant district court to return the action against a municipal corporation to the district court where it was begun. *Held*: Actions against municipal corporations are inherently local and the statutory provisions in respect to the place of trial of transitory actions do not apply to actions brought against such corporations. Order discharged. [Reporter.]

Stanley Gates & Company obtained from the supreme court an order directed to the district court for Becker county, the Honorable William L. Parsons, judge thereof, and the clerk thereof, to show cause why a peremptory writ of mandamus should not issue directing the officers above named to transfer the files and papers in the case of relator against the First National Bank of St. Paul from the district court for Becker county to the district court for Ramsey county. Order to show cause discharged.

*Ambrose Tighe*, for relator.

*H. N. Jenson*, for respondents.

PER CURIAM.

Defendant school district is located in Becker county; defendant bank in Ramsey county. Plaintiff brought its action in Ramsey county. Defendant school district, on an affidavit that it was an organized and existing school district in Becker county, had the action transferred to that county. Thereafter plaintiff procured an order to show cause why a writ of mandamus should not issue requiring the district court of Becker county to return the action to Ramsey county.

The complaint shows that plaintiff entered into a contract with the school district to purchase certain bonds to be issued by the district, and as a part of the transaction executed and delivered to the district its check in the sum of $1,500 drawn on, and certified by, the bank, and that the action is brought to have the check surrendered and canceled, and to enjoin the school district

[1] Reported in 182 N. W. 165.

from cashing it, and the bank from paying it. The cause of action asserted is against the school district, and the bank, although a proper party, is probably not a necessary party.

Actions against municipal corporations are inherently local, and the not apply to actions brought against such corporations. State ex rel. Johnson v. District Court of Waseca County, 120 Minn. 458, 139 N. W. 947, and cases cited therein. The proper place of trial of an action brought against a municipal corporation is the county within which such municipal corporation is located, and, if the action be brought in another county, the corporation may have it transferred to the proper county. We see no reason why the procedure for removal provided by section 7722, G. S. 1913, may not be followed in such cases. The statement in the case cited that section 7722 "is inapplicable to actions to which a municipal corporation is a party defendant," had reference to the provisions for determining the proper place of trial of transitory actions in which there are defendants residing in different counties, not to the procedure for transferring local actions to the proper county. The procedure authorized by section 7722 was followed in that case, and the decision was based, not on the ground that the procedure was improper, but on the ground that the provision requiring a transitory action to be transferred to the county designated by a majority of the defendants, in certain specified cases, did not apply to an action in which a municipal corporation was one of the defendants.

The case of Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408, is not in conflict with the Johnson case. The Hjelm case involved the title to a tract of land, and the action was brought in the county in which the land was situated. It was held that the court of that county had jurisdiction.

The order to show cause is discharged.