SWANSON, Respondent, v. CITY OF SIOUX FALLS, Appellant.

(266 N. W. 115.)

(File No. 7870.    Opinion filed March 21, 1936.)

*Hugh S. Gamble*, of Sioux Falls, for Appellant.
*Louis H. Smith*, of Sioux Falls, for Respondent.

WARREN, J. Plaintiff brought action in the circuit court of Lincoln county to recover damages to his real and personal property caused by the defendant's operation of a sewerage disposal plant on the banks of the Big Sioux River. Plaintiff, in his amended complaint, alleges: First, that his land has been damaged by said pollution of the Big Sioux river; second, that his enjoyment of this land as his home has been damaged by said pollution; and, third, that he has suffered loss through the death of certain of his livestock, such death being caused by the said pollution of the Big Sioux river. The defendant city and its disposal plant are located in Minnehaha county. The plaintiff's land is located in Lincoln county, some thirty-five or forty miles down stream from the defendant's disposal plant. The defendant city moved for a change of venue upon the grounds that its residence was in Minnehaha county. The circuit court of Lincoln county issued an order denying the motion for a change of venue, and the defendant city now appeals.

This court has had before it at various times our statutes relating to place of trial, but never the precise question urged herein. In Ott v. Cheney et al., 261 N. W. 204, we announced the rule that section 2325, Revised Code of 1919, was not a statute conferring jurisdiction but merely a venue statute. Our attention has also been called to Olson et al. v. City of Sioux Falls, 262 N. W. 85, in which we considered sections 2325, 2326, and 2327, of the Revised Code of 1919. However, in that case we did not adjudicate the precise question before us in the instant case.

■■ Upon investigation of the authorities, we find two general rules. One to the effect that an action against a municipal corporation is inherently local. To this rule there is a well-defined and established exception where the action pertains to real estate. We are confronted in the decision of this case with certain facts which, regardless of the general rule, bring it within our statutes as it is an action which confessedly pertains to injuries to real estate and must therefore be brought in the county where the real estate is located. Section 2325 of the Revised Code of 1919, and subdivision 1 thereof, read as follows:

"§ 2325. *Certain Actions Must Be Tried in County Where Subject Matter is Located.* Actions for the following causes must

be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by the statute:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property;"

The complaint clearly shows that this is an action brought to recover damages for injury to real property, and the statutory mandate, "must be tried in the county in which the subject of the action, or some part thereof, is situated," is controlling. In view of this statute, we are at a loss to understand how, or for what reason, we could possibly say that because the action is against a city with a domicile within another county that said city is entitled to have the place of trial changed to the county of its domicile.

Our statute is clear and concise; it is plain, direct, and unambiguous, and when actions are brought for injury to real property, they must be brought in the county in which the subject (real property) of the action, or some part thereof, is situated. To hold otherwise would be a disregarding of the language contained therein.

Counsel for appellant has presented a number of authorities supporting his contention that the action is transitory and not local, and that it no way comes within the class of actions affecting real property, and in no way questions or affects the title to the land, and further that the only judgment that could be rendered under the pleadings is a money judgment. But, in the instant case, the claim for damage is not confined to the mere pollution of the stream. Plaintiff alleges that whenever the stream has overflowed "a permanent, slimy, muddy, nauseous substance which the expenditure of money and labor will not and cannot remove," has accumulated on the land. An examination of appellant's cited authorities shows that they do not support the appellant's contention for the reason that such authorities are based upon different statements of fact than in the case at bar, and it is therefore obvious that the rule of law is different.

The Legislature may well have had it in mind that where real estate is injured, the owner might bring his action in the county wherein it was located, to save the trouble and expense of bringing

his suit in the county where the defendant might reside, and further that the testimony relating to the facts thereto and the inspection of the premises would be more convenient if the suit was brought in the county where the real property was located. It would seem that it was more than a desire that such actions might be brought in the county where the land was located as the term "must" was used in the section, preceding subdivision 1 of said section 2325.

. To have the case tried in Lincoln county is a substantial right belonging to respondent, particularly in an action for damages for deterioration of his land.

We believe the statute, which provides that an action for injury to real property must be brought in the county wherein the real property is located, should govern in this case.

For all of the foregoing reasons, the order appealed from, denying the change of venue, is affirmed.

All the Judges concur.