STATE EX REL. H. V. MERCER AND ANOTHER v. DISTRICT COURT OF HENNEPIN COUNTY AND OTHERS.[1]

April 24, 1936.

No. 30,969.

[1]Reported in 266 N. W. 756.

 

*H. V. Mercer* and *C. G. Anderson, pro se.*

*John M. Gannon, Johnson & Hultstrand,* and *Nichols, Mullin & Farnand,* for respondents.

PER CURIAM.

This matter comes before us on *mandamus* to determine the venue of two actions brought against the relators in the district court of St. Louis county, removed on demand to Hennepin county, and by the district court remanded to St. Louis county for trial.

The actions were brought in the usual form to determine adverse claims, and the cloud upon the title sought to be removed is a notice by the relators of a claim of attorneys' lien under a contract with the plaintiffs, owners of the land which is the subject of the suit, by which the relators claim ten per cent of the proceeds of these tracts of land when and if they shall be sold. It appears that the relators performed certain legal services for the owners of these tracts of land and as a result made a contract by which they were to receive ten per cent of the proceeds of the land when it was sold. With the validity of this contract as a lien either upon the land or the proceeds we have no concern in this proceeding. It is the contention of the relators that in fact the suits brought were brought for the purpose of canceling the agreement and that the relief sought is essentially *in personam,* whereas it is the contention of the respondents that the sole relief sought is to free the lands from the apparent cloud set up by the relators' notice of claim thereon. Examination of the pleadings convinces us that the purpose of the action is to try out the validity of the relators' claims as liens upon the real estate and, if the plaintiffs in their respective actions prevail, to free the lands of any lien thereon under the relators' notices of claim to which they have attached the contract between the relators and the owners. Whatever other issues there are or may be developed upon the trial are wholly incidental to the main purpose,

and we regard the case as controlled by State ex rel. Goodin v. District Court, 184 Minn. 504, 239 N. W. 143.

The alternative writ is discharged and the orders of the lower court are affirmed.

