STATE, EX REL. WALTER R. JOHNSON, ATTORNEY GENERAL, ET AL., APPELLANTS, V. CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPELLEE.

300 N. W. 379

FILED OCTOBER 17, 1941. No. 31157.

*Walter R. Johnson, Attorney General, Robert A. Nelson* and *Halligan, McIntosh & Halligan,* for appellants.

*R. O. Canaday, P. E. Boslaugh, M. M. Maupin* and *R. H. Beatty, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL and ELLIS, District Judges.

SIMMONS, C. J.

The plaintiffs filed their petition in the district court for Lincoln county, alleging that the state is the owner and the plaintiff Martin, a resident of Lincoln county, the lessee of certain lands in Lincoln county; that the defendant is a corporation organized under the laws of the state and engaged in the construction and operation of power and irrigation works; that the defendant unlawfully entered upon the land and constructed an irrigation canal across the same; that defendant commenced eminent domain proceedings in Lincoln county to condemn the interest of Martin in the premises without making the state a party to said proceedings; that as a result of the construction of said canal the land has been separated into two parts not accessible to each other unless a bridge is constructed across the canal thereby connecting the two tracts, and that the construction of the bridge is necessary for the free and convenient use of the lands; that it is the legal duty of the defendant to construct the bridge; that it has refused to do so and that plaintiff has no adequate remedy at law. Plaintiffs pray for a writ of mandamus to compel the construction of the bridge.

An alternative writ was issued and served upon the defendant by leaving the same with its president in Adams county.

Defendant filed a special appearance, supported by an affidavit setting out that it is a public power and irrigation district organized under the provisions of article 7, ch. 70, Comp. St. Supp. 1939, with its office and principal place of business in Adams county; that it comprises Gosper, Phelps, Kearney and Adams counties, and is not located within and has never been within Lincoln county; that it can perform official duties and acts only in Adams

county and cannot perform official acts in Lincoln county; that no summons was served upon it; and that the alternative writ was served upon it in Adams county.

The trial court sustained the special appearance and plaintiffs appeal.

The question directly presented is: Was the venue of the action properly laid in Lincoln county?

Plaintiffs base their action upon the provisions of section 46-611, Comp. St. 1929, which is as follows: "Any person, constructing a ditch or canal through the lands of another, having no interest in said ditch or canal shall build such ditch or canal in a substantial manner so as to prevent damage to such land. In all cases where necessary for the free and convenient use of lands on both sides of the ditch or canal by the owner or owners of such lands, the owner or those in control of such ditch shall erect substantial and convenient bridges across such canal or ditch, and they shall erect and keep in order suitable gates at the point of entrance and exit of such ditch through any inclosed field."

Plaintiffs, to support their contention that the venue of the action is in Lincoln county, rely upon the following two provisions of the statutes. Section 20-401, Comp. St. 1929, is as follows: "All actions to recover damages for any trespass upon or any injury to real estate shall be brought only in the county where such real estate or some part thereof is situated, but such actions may be brought against corporations owning or operating any line of railroad in the state in any county where service of summons can be had, and all actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next following section: First. For the recovery of real property or of an estate or interest therein; Second. For the partition of real property; Third. For the sale of real property under a mortgage, lien or other incumbrance or charge." Section 20-404, Comp. St. 1929, is as follows: "Actions for the following causes must be brought in the county where the

cause or some part thereof arose: First. An action for the recovery of a fine, forfeiture, or penalty, imposed by a statute, except that when it is imposed for an offense committed on a river, or other stream of water, or road, which is the boundary of two or more counties, the action may be brought in any county bordering on such river, watercourse or road and opposite to where the offense was committed; Second. An action against a public officer, * * * or for any neglect of his official duty; Third. An action on the official bond or undertaking of a public officer."

Defendant, contending that an action for mandamus against it must be brought in the county where it is situated or has its principal office or place of business, relies upon section 20-405, Comp. St. 1929, which is as follows: "Actions against corporations created by the laws of this state may be brought as follows: First. Any action other than those mentioned in the first three sections of this chapter (20-401 to 20-403) may be brought in the county in which the corporation is situated or has its principal office or place of business; * * *"

Defendant further contends that it is a public or municipal corporation, and that as such it can act only at its principal place of business, which is fixed by its articles as in Adams county, and cites decisions of courts as sustaining its contention.

What provision of the statute controls the venue of this action? It is clear from the above quoted provisions of the statutes, and others to which reference will be made, that the legislative intent is generally that the venue of actions involving the determination of the title to land, rights and interests therein and damages thereto, shall be in the county wherein the land lies, and that the location of the land is a superior consideration to the location of the parties in determining the proper venue for such actions. In the absence of clear and specific statutory provisions as to the venue of an action, the substantial nature of the issues involved in an action and the statutory pro-

visions as to analogous situations may be followed to determine the proper venue. 67 C. J. 20.

Plaintiff's land is in Lincoln county; the defendant constructed its ditch across this land; its act in so doing made necessary the construction of the bridge, and the obligation to construct the bridge results from the construction of the ditch; the bridge, if constructed, must be built upon land in Lincoln county. The statutory requirement that the bridge be constructed is to restore in part the "free and convenient use of the lands" which the owner formerly had. The purpose is to compensate, in part, for the damage caused to the land by the construction of the ditch. Clearly, under the provisions of section 20-401, *supra*, an action for damages to real estate must be brought in the county where the real estate is situated. It appears reasonable to hold that an action to compel the construction of a bridge which compensates in part for damages caused to real estate be likewise brought in the county where the land is situated. In the absence of any showing to the contrary, the bridge, if built, becomes a part of the real estate. The failure of defendant to build the bridge is "an injury to the real estate." The substantial nature of the issue here is one of recovery for damages, even though the form of the action is in mandamus.

Section 20-404, *supra*, is relied upon by the plaintiffs, and defendant contends that it is not applicable. Clearly, plaintiffs have not brought an action against a public officer for neglect of his official duty, but just as clearly plaintiffs seek to compel defendant to perform a duty enjoined by law and likewise an action which the defendant can perform only through its officers. Defendant, while denying the merit of plaintiffs' contention that this is in effect an action against public officers for the failure to perform an official duty, argues that, in any event, no part of the cause of action arose in Lincoln county. This contention is bottomed on the proposition that it can act and perform its corporate functions only in Adams county. Defendant's contention that plaintiffs' cause of action did not arise in

Lincoln county cannot be sustained. In *State v. Cochran,* 138 Neb. 163, 292 N. W. 239, section 20-404, *supra,* was before this court for construction. We there stated: "Generally speaking, a cause of action consists of a wrong and a resulting damage. A wrong which does not result in a damage is not ordinarily actionable." We there held that the resulting damage, from the wrong done, occurred in the county where the action was brought; that without the damage no cause of action existed, and that the "cause or some part thereof" occurred in the county where the subsequent damage was inflicted. So here, while it may be true that the decision of the defendant to build the bridge must be made in Adams county, the decision to build the bridge is not a full compliance with the statute. The bridge also has to be built, and that can only be done in Lincoln county where the land is situated. See, also, *Board of Trustees v. Board of Supervisors,* 228 Ia. 1095, 291 N. W. 141.

There is a similarity in the statute here involved with that requiring a railroad to provide at least one adequate crossing where lands on both sides of a right of way are in one ownership. Comp. St. 1929 sec. 75-513; *State v. Farmers Irrigation District,* 98 Neb. 239, 152 N. W. 372. The statute provides for written complaint to be filed with the railway commission, for an investigation and a hearing before that body and, upon proper showing, the issuance of an order in the premises. Section 75-509, Comp. St. 1929, provides that, when orders of the commission finally established are not obeyed, any person interested may apply "to the district court of the county in which the violation or disobedience of such order or orders shall happen" and there, upon proper showing, secure an order for its enforcement, "mandatory or otherwise."

Section 20-406, Comp. St. 1929, provides that certain actions against designated carriers "may be brought in any county through or into which the road or line passes." The same applies to turnpike road companies. Comp. St. 1929, sec. 20-407.

While it is alleged that the defendant was a trespasser in the construction of the ditch, yet under the provisions of section 70-707, Comp. St. Supp. 1939, defendant was given the power of condemnation (section 46-602, Comp. St. 1929) by procedure *in the county where the lands are situated* if the owners of lands object to the construction. Comp. St. 1929, sec. 46-603.

All of these statutory provisions clearly establish a legislative intent to place the venue of an action, involving an issue substantially of the nature here presented, in the courts of the county where the land lies.

We accept, for the purpose of this opinion, the contention that defendant comes within the broad classification of a municipal corporation. While there is a general rule that an action against a municipal corporation must be brought in the county of its domicile or where it is situated, yet there is an established exception to this rule in actions which pertain to real estate and which generally must be brought in the county where the lands lie. See 44 C. J. 1471; 6 McQuillin, Municipal Corporations (2d ed.) Revised, sec. 2655; *Mayor & City Council of Baltimore v. Sackett,* 135 Md. 56, 107 Atl. 557, 5 A. L. R. 915; *City of Dallas v. Hopkins,* 16 S. W. (2d) (Tex. Civ. App.) 852; *Oklahoma City v. District Court,* 168 Okla. 235, 32 Pac. (2d) 318, 93 A. L. R. 489, and note page 503; *Oklahoma City v. Rose,* 176 Okla. 607, 56 Pac. (2d) 775; *North Sterling Irrigation District v. Dickman,* 66 Colo. 8, 178 Pac. 559; *Hjelm v. City of St. Cloud,* 129 Minn. 240, 152 N. W. 408; *Swanson v. City of Sioux Falls,* 64 S. Dak. 175, 266 N. W. 115.

We conclude that the venue of this action is properly laid in Lincoln county under the provisions of section 20-401, *supra,* when construed in the light of the substantial nature of the issues involved, and the analogous statutes showing the legislative intent as to the venue of actions of this nature.

In as much as section 20-405, *supra,* refers to actions other than those mentioned in section 20-401, *supra,* it follows that it is not controlling in the case before us.

We are not here presented with the merits of this controversy. Accordingly, the statements made in this opinion, regarding the facts, the rights of the plaintiff and the duties of the defendant, are predicated upon a solution of the problem here presented and are not determinative of any issues that may subsequently arise in this litigation. They are limited solely to the question of venue presented.

The special appearance should have been overruled. The order of the district court is reversed and the cause remanded for further proceedings.

REVERSED.