JOSEPH YESS v. MICHAEL FERCH.[1]

September 17, 1942.

No. 33,379.

B. H. Bowler, for relator (defendant below).

F. H. Stadsvold, for respondent (plaintiff below).

Per Curiam.

Action begun in Polk county this state, by plaintiff, a resident of Peoria, Illinois, against defendant, a resident of Hennepin county, this state. Defendant, before answering, timely made and filed with the clerk of the district court of Polk county a proper affidavit and demand for change of venue to Hennepin county. Upon the clerk's refusal to transmit the files, defendant moved the district court of Polk county, the Honorable James E. Montague, to direct the clerk to transmit the files. The court filed an order refusing so to do. On petition of defendant to this court, an alternative writ issued to the judges of the fourteenth judicial district, wherein is Polk county, directing them to show cause why a peremptory writ should not issue requiring the transmission by the clerk of the files to Hennepin county.

From the return made by Judge Montague and the files accompanying the return, it appears that defendant's motion was denied on the ground that "the action primarily is one involving real estate, the money damages sought being merely incidental to the main cause of action, and is properly triable in Polk county."

The sole question is whether the cause of action stated in the complaint is transitory or local within the meaning of our venue statutes, to-wit, Mason St. 1927, § 9207 or § 9214. The general rule is that actions in the district courts of the state are transitory unless excepted by statute as local. The statute, § 9207, relating to land, is applicable "only to such actions as are wholly local, as distinguished from those that are partly local and partly transitory." State ex rel. D. S. B. Johnston Land Co. v.

1Reported in 5 N. W. (2d) 641.

District Court, 138 Minn. 336, 164 N. W. 1014. Hence the complaint alone must determine whether the action is by right triable in Hennepin county.

The complaint alleges that on June 12, 1935, plaintiff was the owner of a described section of land in Polk county, this state, and is still the record owner thereof; that defendant is a real estate agent at Minneapolis, Minnesota; that on the date mentioned defendant, fraudulently taking advantage of plaintiff's lack of capacity and inexperience, procured from plaintiff a deed to said land without consideration, stating to plaintiff that it was necessary in order to perfect the title, which would take about 60 days, thereafter defendant would reconvey the same to plaintiff; that plaintiff in reliance upon said statements gave his deed to defendant to said land; that defendant's statements were false and made to defraud plaintiff of his land; that on August 5, 1935, plaintiff gave $1,973.42 to defendant to pay delinquent taxes on said land; that he paid only $1,611.70 thereof and has not accounted for the remainder; that in 1935 defendant received from A. D. Schultheis $400, the property of plaintiff, for which no accounting has been made; and, further, that defendant has received the sum of $5,855, which represents the income from the land for the years 1936, 1937, 1938, 1939, and 1940, no part of which has been turned over to plaintiff, though demanded. "Wherefore, plaintiff asks judgment in the sum of $6,616.70; that said deed be declared void and that the defendant produce the same and deliver same up to be cancelled; and that the plaintiff have such other relief as may be just and equitable and that he recover the costs of this action."

The return also shows that, after refusing to order the clerk to transmit the files to the district court of Hennepin county, defendant filed affidavits of prejudice against respondent and also against the Honorable Oscar R. Knutson, the other judge of said district, and that after so doing, defendant moved Judge Knutson to direct the clerk to transmit the files to the district court of Hennepin county, which motion Judge Knutson declined to entertain.

Defendant has filed a reply to the return, which is neither necessary nor proper. Mason St. 1927, § 9729. (State ex rel. Schmidt v. Youngquist, 178 Minn. 442, 227 N. W. 891.)

In our opinion, the decisions touching the right of the defendant to have this action tried in the county of his residence are compelling. State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284, where prior decisions are cited and discussed; State ex rel. Wrabek v. Tifft, 184 Minn. 567, 239 N. W. 252; State ex rel. Smith v. District Court, 202 Minn. 75, 277 N. W. 353. Late cases where the causes of action were held local are State ex rel. Goodin v. District Court, 184 Minn. 504, 239 N. W. 143; State ex rel. Mercer v. District Court, 197 Minn. 239, 266 N. W. 756.

In the instant case, there is a demand for a large personal judgment, and at least $400 thereof has no alleged connection with the land.

Let the peremptory writ issue.