JOSEPH YESS v. MICHAEL FERCH.[1]

June 23, 1944.

No. 33,794.

*B. H. Bowler,* for appellant.
*F. H. Stadsvold,* for respondent.

HOLT, COMMISSIONER.

In 1935, plaintiff, a retired farmer of Peoria, Illinois, owned a section of land in Polk county, this state. Defendant, a real estate dealer of Minneapolis, this state, went to plaintiff's home in Peoria on June 12, 1935, and introduced himself, stating that he was interested in lands in Polk county. The result was that defendant drew

[1]Reported in 15 N. W. (2d) 134.

a contract, dated that day and signed by both, reciting that plaintiff was the owner of the section mentioned, subject to $2,700 back taxes; that plaintiff had given one Mike Dallas a power of attorney, and, for those reasons "and others that may exist," plaintiff—

"desires to have * * * Michael Ferch proceed with due diligence and care to do that which will safe-guard the rights and interests of Joseph Yess according to his best judgment and in consideration wherefor the said Joseph Yess issues his deed to the said Michael Ferch, to get the title into proper shape and when such is had to again sell and convey back to the said Joseph Yess. The time may be approximately sixty (60) days in which this is to be effected.

"In all matters, the said Michael Ferch shall do the best that can be done under the circumstances and as the two (2) parties have talked the matter over. The said Michael Ferch to carry out this proposition shall give his bond to the extent of Fifteen Thousand ($15,000.00) Dollars."

There was no bond given. Under date of June 28, 1935, defendant was again at plaintiff's home and drew another agreement inserting the sum of $15,700 instead of the $15,000 named in the first one, and giving an option to defendant to sell the land to himself at that price. August 5, 1935, defendant gave plaintiff a receipt for $1,970, and on the same date this:

"When I pay the taxes on Section 23, T. 152, R. 48, I will send or bring the tax receipts to Joseph Yess at 215 Fisher Street Peoria, Ill. Amt. is $1973.42. Michael Ferch."

Tax receipts were neither sent nor brought. On August 2, 1935, a third agreement was executed between the parties, prepared by defendant, to the same purpose as the two prior ones. It ends with this paragraph:

"That The Said Michael Ferch agrees to acquire all the rights that are vested in Joseph Yess, such as the Abstract of Title, such as the values of the buildings that were wrongfully taken, such as to any proceeds during the years to date from Nineteen Twenty-eight (1928) and at an early date give to Joseph Yess a true state-

ment as to everything pertaining to said land in which he is interested."

On July 24, 1935, defendant obtained from plaintiff this receipt at Peoria:

"Received of Michael Ferch settlement in full for Section 23, Township 152, Range 48, and transferring to him said land in Polk County Minnesota by Warranty Deed. Joseph Yess."

On June 24, 1938, there was this confirmation of the "land deal":

"* * * That said Michael Ferch agrees to make a payment of $13,188.00 in lawful money of the United States to said Joseph Yess on or before November 1st, 1938 at his home in Peoria, Illinois, or to pay said Yess the amount per acre of 628 acres that the average purchase price was per acre plus one dollar per acre that said Michael Ferch paid" for some other described land.

At his home in Peoria, on November 17, 1939, plaintiff gave defendant this receipt:

"Received of Michael Ferch One Hundred Dollars as part payment on land deal being Section twenty three, Town One Hundred fifty two (152) Range Forty Eight (R 48) Polk County Minn"

The above are parts of documents admittedly prepared by defendant.

In 1941, plaintiff brought this action against defendant in the district court of Polk county, alleging that plaintiff was the owner of this section 23, township 152, range 48, Polk county, this state, and that defendant, fraudulently taking advantage of plaintiff's incapacity and lack of business ability, which defendant well knew, procured him to sign a deed of the land to defendant without paying any consideration therefor, the defendant stating that it was necessary to have said deed so that he could straighten out certain defects in plaintiff's title and that when that was accomplished, which would take a matter of 60 days, defendant would reconvey the above described property back to plaintiff; that plaintiff, relying on those representations, conveyed the land to defendant; that

the representations were false; and that plaintiff has demanded a reconveyance, but has been refused. Plaintiff also alleges that since defendant obtained the deed he has wrongfully collected and retained the rent and proceeds of the land. Wherefore, he prays that the deed defendant received from him be adjudged void and that he have judgment against defendant for the rents and profits collected.

Defendant answered *pro se;* admitted the residence of plaintiff in Illinois, and the business of defendant; also that he had collected $400 from one Schultheis and paid $1,611.72 for delinquent taxes. The answer then alleges that, by warranty deed, plaintiff on June 12, 1935, "for a good and valuable consideration," conveyed to defendant "all of the land described in the complaint of the plaintiff, and that the defendant ever since has been and now is the owner in fee of all of the said land." The answer then alleges a counterclaim. There was a reply. Defendant, being a resident of Hennepin county, demanded and was awarded a change of venue to that county. Yess v. Ferch, 213 Minn. 593, 5 N. W. (2d) 641.

The trial court found that defendant had obtained a conveyance of plaintiff's said land by fraud and deceit and without consideration. Both parties took the witness stand. Defendant admitted that he wrote or dictated the agreements signed by both and the receipts introduced in evidence. Defendant is not a novice on legal phraseology. There seems to have been a design from the very first trip of defendant to plaintiff's home in Peoria to obtain and hold onto the land until plaintiff passed on. As an inducement to secure plaintiff's confidence, defendant even made his will to plaintiff. Defendant asserts title by virtue of plaintiff's deed. He did not offer it in evidence. It has not been recorded. He offered in evidence receipts in full payment. But on the witness stand he did not venture to testify that he had paid any consideration. On the contrary, he wanted to give a purchase money mortgage for the $15,000; but, in view of his answer and the testimony, the court denied the offer. He had, prior to the lawsuit, as to the contract of 1938, stated that at that time nothing of any purchase price had

36

been paid, notwithstanding the receipt of July 24, 1935. From defendant's own writings and his testimony on the stand, the trial court could make no other findings of fact or conclusions of law than those made.

Defendant's motion in the alternative for amended findings or a new trial was rightly denied.

Order affirmed.