# STATE EX REL. BOARD OF WATER COMMISSIONERS OF THE CITY OF ST. PAUL v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

March 31, 1950.

No. 35,189.

[1]Reported in 42 N. W. (2d) 201.

*Bruce J. Broady,* Corporation Counsel, and *William M. Serbine,* Assistant Corporation Counsel, for relator.

*Bundlie, Kelley, Finley & Maun* and *Mandt Torrison,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Order to show cause why a peremptory writ of mandamus should not issue commanding the district court of Ramsey county to revoke its order of December 14, 1949, which granted plaintiffs' motion to remand this action to Anoka county for trial, and further commanding the district court of Ramsey county to retain the files herein for further proceedings there.

Plaintiffs, Harold M. Hansen and Gilbert St. Sauver, are owners of lands lying in Anoka county with frontage on Otter Lake and Bald Eagle Lake respectively. The lakes are connected bodies of public waters, and the riparian rights of plaintiffs are primary factors in the value of their lands. During the past few years, defendant, the board of water commissioners of the city of St. Paul, has drained the waters from Otter Lake for the city's water supply. The effect of such drainage has been to lower the water line on both Bald Eagle and Otter Lakes.

One plaintiff maintains a boat livery and refreshment and soft-drink establishment on Bald Eagle Lake. The lowering of the water level of this lake makes it difficult or impossible for him to bring his boats ashore, with consequent loss of business. The other plaintiff uses his land primarily for personal benefit. The result of

the drainage described has been to lower his shore line, leaving unsightly mud flats in front of his property.

On August 27, 1949, the Honorable Leonard Keyes, judge of the district court of Anoka county, issued an order to show cause why a temporary injunction should not issue commanding the board of water commissioners of the city of St. Paul, its agents, employes, and all persons acting under it from draining the waters of Otter Lake or Bald Eagle Lake, or from otherwise violating the order of the state commissioner of conservation forbidding drainage to the extent here alleged.

After service upon defendant of the order and the summons and complaint in this action, the latter promptly filed with the clerk of the district court of Anoka county a demand for change of venue of the action to the district court of Ramsey county under the provisions of M. S. A. 542.10.

On the return day of the order to show cause in Anoka county district court, defendant appeared specially and objected to the court's jurisdiction on the ground that the action had been transferred to the Ramsey county district court pursuant to defendant's proceedings under § 542.10. Judge Keyes thereupon ordered the clerk of the Anoka county district court to transfer the files to the clerk of the Ramsey county district court. Attached to his order was a memorandum by the court stating that in his opinion the merits of the venue controversy could be better determined upon a motion to remand in the Ramsey county district court.

On December 14, 1949, the Ramsey county district court granted plaintiffs' motion to remand the case to the Anoka county district court on the ground that the action, which involved riparian rights of owners of land situated in Anoka county, should be heard and determined in the district court of the county wherein the lands were situated. Defendant thereupon petitioned this court for the writ of mandamus above described, and it is upon the order to show cause why such writ should not issue that the question of venue is now presented here.

■ Generally speaking, actions in district court are transitory unless designated local by statute. Yess v. Ferch, 213 Minn. 593, 5 N. W. (2d) 641.

■ An action to enjoin drainage of a lake to prevent injury to riparian owners is an action for trespass. Such an action need not involve an actual invasion of plaintiff's property, since any substantial or unwarranted interference with his riparian rights may constitute a trespass. Petraborg v. Zontelli, 217 Minn. 536, 15 N. W. (2d) 174.

■ M. S. A. 542.02 provides:

"Actions * * * for injuries to lands within this state, shall be tried in the county where such real estate or some part thereof is situated, * * *."

Since an action to enjoin trespass upon lands is an action to prevent injury thereto, it follows that under this statute such an action should be tried in the county where the lands are situated.

■ The above statute does not apply in actions partly local and partly transitory. State ex rel. D. S. B. Johnston L. Co. v. District Court, 138 Minn. 336, 164 N. W. 1014; State ex rel. Weld v. District Court, 146 Minn. 422, 178 N. W. 1004; Yess v. Ferch, 213 Minn. 593, 5 N. W. (2d) 641. Thus, it would not apply where the question of title, while an essential part of the case, is ancillary to the question of defendant's personal obligation because of (1) a contract, (2) his status as a trustee, or (3) his actions or omissions giving rise to the right of cancellation of a contract for deed.

In the instant case, as previously stated, the action is for trespass, and the principal and primary relief sought relates to lands in Anoka county. It is true that the injunction prayed for will enjoin defendant *in personam*. This, however, relates only to the relief prayed for and is ancillary to the main question involved, that is, the trespass upon plaintiffs' property. Therefore, this is an action wholly local in nature, and, under § 542.02, it should be tried in Anoka county, where the lands are situated. State ex rel. Mercer v. District Court, 197 Minn. 239, 266 N. W. 756.

■ It is true that under the common-law rule followed in this state actions against municipal corporations are local, and that ordinarily the proper place for trial thereof is the county wherein the municipality is located. State ex rel. Johnson v. District Court, 120 Minn. 458, 139 N. W. 947, Ann. Cas. 1914C, 106; State ex rel. Stanley Gates & Co. v. District Court, 148 Minn. 488, 182 N. W. 165. The basis for this exception to the general rule covering venue is well stated in the Johnson case as follows (120 Minn. 462, 139 N. W. 948):

"'* * * actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found—that is, in the county of their location."

■ In considering the problem raised by this apparent conflict between the venue provisions, a great majority of the courts have held that the statutory provisions relating to the venue of actions involving trespass to land must prevail over common-law principles defining actions against municipal corporations as local. State ex rel. Johnson v. Central Nebraska Public P. & I. Dist. 140 Neb. 471, 300 N. W. 379; Cooper v. Sanitary District, 146 Neb. 412, 19 N. W. (2d) 619; City of Corpus Christi v. McMurrey (Tex. Civ. App.) 90 S. W. (2d) 868; Swanson v. City of Sioux Falls, 64 S. D. 175, 266 N. W. 115; Fourth Jefferson Drainage Dist. v. City of New Orleans, 203 La. 670, 14 So. (2d) 482; North Sterling Irrig. Dist. v. Dickman, 66 Colo. 8, 178 P. 559; Baltimore City v. Meredith's, etc., Turnpike Co. 104 Md. 351, 65 A. 35, 10 Ann. Cas. 35. Contra, Piercy v. Johnson City, 130 Tenn. 231, 169 S. W. 765, L. R. A. 1915F, 1029; Cecil v. City of High Point, 165 N. C. 431, 81 S. E. 616. These decisions are based primarily upon the theory that legislative enactments relative to the venue of actions involving injury to real estate express a legislative intent which should not be overridden by the application of the common-law principles defining actions against

municipal corporations as local. City of Corpus Christi v. McMurrey; Swanson v. City of Sioux Falls; and North Sterling Irrig. Dist. v. Dickman, all *supra.*

This court believes that the reasoning of the majority of the courts is sound and should be adopted. We therefore hold that the proper place for trial of this case is Anoka county, where the lands are situated.

Order to show cause discharged.