# FITGER BREWING COMPANY v. ALESSIO CUPOLETTI AND ANOTHER.[1]

October 26, 1951.

No. 35,689.

D. A. *Bourgin,* for relators.

*McCabe, Gruber, Clure, Donovan & Crassweller, John C. Arko,* and *Wildey H. Mitchell,* for respondent.

PER CURIAM.

Plaintiff, a Minnesota corporation, brought an action in ejectment in the district court for St. Louis county alleging ownership in fee simple of certain real property located in Virginia, Minnesota, and defendants' wrongful possession thereof. Defendant Alessio Cupoletti filed an answer and cross complaint therein admitting plaintiff's legal title to the property, but alleging an oral agreement whereby he became a distributor of plaintiff's products in the vicinity of Virginia and was given the use and occupancy of the property in connection with his distributorship. He further alleged that termination of said oral agreement required one year's prior notice by the terminating party, and that plaintiff's demand for possession of the property upon which its ejectment action is based was made without such notice. Finally, on the theory that M. S. A. 484.49 was applicable, said defendant alleged his residence to be in the city of Virginia and demanded that the action be tried in that city as the place nearest his residence. Defendant Aldo Cupoletti's answer also admitted plaintiff's legal title to the property in question and demanded that the action be tried in Virginia, the place of his residence. He asserted no claim to said property. Plaintiff in its reply and answer denied the existence of the oral agreement alleged by defendant Alessio Cupoletti; admitted that both de-

[1]Reported in 49 N. W. (2d) 584.

fendants resided in the city of Virginia; but alleged the action to be one involving title to real estate and was thus triable under § 484.19, subd. 2, in the city of Duluth, the county seat of St. Louis county.

Plaintiff's note of issue was filed with the clerk of court in Duluth, and the case was set for trial at the September term of the district court in Duluth. Defendants made a motion to strike the case from the calendar on the ground that the case was properly triable at Virginia, which is the location of the district court nearest defendants' residence. That motion was denied. On petiton to this court, an alternative writ of mandamus was issued to the district court for St. Louis county and the Honorable Edwin J. Kenny, one of the judges thereof, directing him to show cause why a peremptory writ should not issue requiring him to remand the cause for trial to the district court in Virginia.

From the return made by Judge Kenny and the accompanying files, it appears that defendants' motion was denied on the ground that "actions to determine title to real estate," within the terms of § 484.19, subd. 2, embrace actions for "the determination in any form of an estate or interest" in land within the scope of § 542.02, the general venue statute dealing with actions relating to land.

The sole question presented is whether this action is properly triable, under §§ 484.49, 484.50, at the city of Virginia, or whether it is an action "to determine title to real estate" within the meaning of § 484.19, subd. 2, and thus properly triable at the county seat, Duluth.

In our opinion, § 484.19, subd. 2, of the so-called Range Court Act, dealing with actions "to determine title to real estate," is not as broad or comprehensive in scope as § 542.02, the general venue statute, which expressly encompasses therein "Actions for the recovery of real estate," and "the determination in any form of an estate or interest" in land. The Range Court Act established general terms of the district court in St. Louis county. It provided for the holding of general terms of court at the city of Virginia, the village of Hibbing, and the city of Ely, in addition to the general term to be held at the county seat. It further provided that all civil actions brought in the district court for said county should be tried before the court at the location nearest the defendant's residence. § 484.49. However, that section is qualified by the provisions of § 484.19, subd. 2, reading as follows:

"* * * all proceedings for the registration of title to real estate shall be tried at the county-seat of said county as now provided by law, and *all other actions to determine title to real estate shall be tried at the county-seat, * * *.*" (Italics supplied.)

Section 484.19, subd. 2, then provides that by written consent of all the parties such an action may be tried at any one of the other three locations in which terms of court are held, but that—

"no officer having in his custody any of the public records of St. Louis county shall be required to produce such record at the trial of any action not on trial at the county-seat, save upon the order of the court providing for the production of such record and its immediate return to the officer producing it, upon its introduction as evidence in such cause."

Reading the pertinent provisions of § 484.19, subd. 2, in their entirety, it appears that their sole purpose is to obviate the necessity of vexatious and cumbersome transmission of public records from the county seat to the other locations in the county which were established by the Range Court Act at considerable distances from the county seat. Here, record title is admittedly in plaintiff. Only possession of the property is in issue.

In order to be restricted by a statute which places venue limitations on actions involving title to real property, the issue involving realty must be the main one and not ancillary to the personal obligations of the parties. Cf. State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 510, 42 N. W. (2d) 201, 203; State ex rel. Nyquist v. District Court, 164 Minn. 433, 436, 205 N. W. 284, 285. That plaintiff's action here is in ejectment is not controlling, since ejectment is a possessory action, the final determination of which may or may not require a determination of title. 28 C. J. S., Ejectment, §§ 1, 4. Thus, the particular facts of each case must be considered in determining whether title to real estate is involved or not. Defendant Alessio Cupoletti claims right to possession by virtue of an alleged contract which also includes other personal obligations on the part of both parties. Plaintiff disputes the existence of such a contract. It is the disputed contract, not the title to real estate, which is the main issue in the instant case. Cf. State ex rel. Cairney v. District Court, 178 Minn. 373, 374, 227 N. W. 202. Accordingly, it is our opinion that this is not an action "to determine title to real estate" within the meaning of § 484.19, subd. 2, and that a peremptory writ of mandamus should issue.

Peremptory writ issued.