# JACOB A. CHRISTENSON v. TOWN OF DOLLYMOUNT AND OTHERS.
## COUNTY OF STEVENS, RESPONDENT.[1]

March 12, 1954.

No. 36,329.

*Johanson, Winter & Lundquist, Earl E. Huber,* and *Keith C. Davison,* for relators.

*Thomas J. Stahler,* for respondent County of Stevens.

*Field, Arvesen & Donoho,* for respondents Christenson and the district court.

[1]Reported in 63 N. W. (2d) 367.

KNUTSON, JUSTICE.

The facts in this case can be stated briefly for the purpose of this decision. Plaintiff is the owner of a farm in Stevens county. He brought this action for damages and injunctive relief alleging that the three defendants, county of Stevens, township of Dollymount, which is located in county of Traverse, and county of Traverse, in the construction, repair, and maintenance of two highways bordering plaintiff's farm, had diverted the flow of water from its natural course so as to cause it to overflow his land and cause injuries to his growing crops and land. The action was commenced in the district court of Stevens county, in the sixteenth judicial district. Before answering, the township of Dollymount and the county of Traverse served a joint demand for a change of venue to Traverse county. Pursuant to this demand, the clerk of court of Stevens county transferred the files to the clerk of court of Traverse county. Plaintiff thereupon moved to remand the case to Stevens county on the ground that the action was one for injury and trespass to real estate and therefore local and triable in Stevens county. The district court granted the motion. Upon application of the township of Dollymount and the county of Traverse, we issued our order to show cause why a peremptory writ should not be issued commanding the return of the files to Traverse county.

The case presents for our decision principally two questions:

(1) Are growing crops personal property or part of the real estate for the purpose of determining venue of an action brought to recover damages to such crops and trespass to the land?

(2) Where an action is brought against a municipal or quasi-municipal corporation for damages resulting from injury or trespass to land lying in another county, is the venue of such action the county where the land is situated or the county in which the municipal corporation has its existence?

■ It is the contention of relators that growing crops are personal property; that an action for damages for injury to personal property is transitory; and that, inasmuch as the whole action is

not local, M. S. A. 542.02[2] does not apply. If relators' contention that growing crops are personal property for the purpose of determining venue, their position is well taken. The rule we follow is that where an action is part local and part transitory the statute does not apply. Marion v. Miller, 239 Minn. 214, 58 N. W. (2d) 185; Yess v. Ferch, 213 Minn. 593, 5 N. W. (2d) 641.

We have held that, for a number of purposes, cultivated annual crops, prior to severance, are personal property. Many of the cases are collected in Schuchard v. St. Anthony & Dakota Elev. Co. 176 Minn. 37, 222 N. W. 292. In other respects such crops are considered part of the realty. In Mehl v. Norton, 201 Minn. 203, 205, 275 N. W. 843, 844, 113 A. L. R. 1055, we said:

"* * * Growing crops are part of the land, and, whether tenant or trespasser, an occupant's title to growing crops is dependent upon possession of the land, in the absence of special contract. Loss of possession in law terminates his right to the land and the crops. An owner who obtains possession of his land acquires title to all crops growing on the land at the time, * * *."

See, also, 5 Dunnell, Dig. (3 ed.) § 2508; 25 C. J. S., Crops, § 5.

While the decisions are not unanimous, a majority of the cases hold that an action for damages to growing crops is local and must be brought in the county in which the crops are situated. Western Union Tel. Co. v. Bush, 191 Ark. 1085, 89 S. W. (2d) 723, 103 A. L. R. 367; Cooper v. Sanitary Dist. No. 1, 146 Neb. 412, 19 N. W. (2d) 619, where the rule was followed without any discussion; Annotation, 103 A. L. R. 374; 15 Am. Jur., Crops, § 69; 56 Am. Jur., Venue, § 16.

---

[2]"Actions for the recovery of real estate, the foreclosure of a mortgage or other lien thereon, the partition thereof, the determination in any form of an estate or interest therein, and for injuries to lands within this state, shall be tried in the county where such real estate or some part thereof is situated, subject to the power of the court to change the place of trial in the cases specified in section 542.11, clauses (1), (3), and (4). If the county designated in the complaint is not the proper county, the court therein shall have no jurisdiction of the action."

Inasmuch as we hold that growing crops are part of the land, it must follow that the venue of an action for damages for injury to such crops comes within M. S. A. 542.02 and must be brought in the county where the land is located.

■ Relators next contend that the action against the township of Dollymount and the county of Traverse can only be brought in Traverse county. We have already made a determination of that question adverse to the contentions of relators in the recent case of State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 511, 42 N. W. (2d) 201, 203, where we said, in considering the apparent conflict between venue provisions relating to the trial of actions involving damages for alleged injury to land and the rules of law pertaining to actions brought against municipal or quasi-municipal corporations:

"In considering the problem raised by this apparent conflict between the venue provisions, a great majority of the courts have held that the statutory provisions relating to the venue of actions involving trespass to land must prevail over common-law principles defining actions against municipal corporations as local."

Many of the leading cases on the subject are collected in that opinion and need not be repeated here. See, also, Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408; 38 Am. Jur., Municipal Corporations, § 717.

There is added reason for applying that rule here. This action is brought against two counties for similar injury to the same land. Obviously, the venue could not be laid in both counties unless separate actions were commenced. To so require would simply result in a multiplicity of suits, which should be avoided if it can be done.

Relators urge that we overrule our decision in State ex rel. Bd. of Water Commrs. v. District Court, *supra*. It is their position that—

"* * * there is no common sense reason for the rule that actions affecting title to land or for damage to land should be brought only in the county in which land is situated";

that the reasons for requiring action against governmental units in their own county are much more important and should be held

to be paramount to the statutory rule respecting actions involving real estate. Whatever the merits are of requiring actions to recover damages for injury to land to be brought in the county where the land is situated, it is a legislative question which is no concern of ours. In the above case we said (230 Minn. 511, 42 N. W. [2d] 204) :

"* * * legislative enactments relative to the venue of actions involving injury to real estate express a legislative intent which should not be overridden by the application of the common-law principles defining actions against municipal corporations as local."

That statement represents the reasoning of a majority of the cases that have passed on the question. We see no reason for not adhering to it.

It must follow that the trial court correctly held that the venue of the action was Stevens county. The alternative writ is therefore discharged.

Writ discharged.