STATE EX REL. BURT I. WELD AND OTHERS v. DISTRICT COURT OF BLUE EARTH COUNTY AND ANOTHER.[1]

September 3, 1920.

No. 22,064.

**Trust — action for accounting transitory — mandamus granted.**

> The subject matter of the action is held to be the cancelation and termination of a trust agreement and for an accounting; the agreement covering a large amount of personal property, and 1,208 acres of land. Before the action was brought the personal property and about half of the land had been disposed of by defendants and the proceeds applied in part only pursuant to the agreement. It is *held* that the action is transitory and not local, and defendants, the relators, are entitled to have it tried in the county of their residence.

Upon the relation of Burt I. Weld and others the supreme court granted its alternative writ of mandamus directed to the district court for Blue Earth county and the Honorable W. L. Comstock, judge thereof, to compel the transfer of an action from Blue Earth county to Murray county. Peremptory writ granted.

*Moonan & Moonan,* for relators.

*C. J. Laurisch, H. A. Johnson* and *S. W. Wilson,* for respondents.

HOLT, J.

The court below refused to transfer the action to Murray county, as demanded by a majority of the defendants, residents of that county, and this application is made for a peremptory writ of mandamus to compel such transfer.

The complaint alleges, in substance, that in March, 1919, plaintiff

[1] Reported in 178 N. W. 1004.

owned several farms aggregating 1,208 acres, all, except 160 acres, located in Blue Earth county, also a large amount of personal property, and was indebted in the sum of $140,000; that he was getting old, in poor health and unable to manage his business successfully; that therefore he made an agreement with his son, defendant Bleise, and defendant Sorenson, a friend and associate, whereby he was to convey said land and transfer the personal property to them so that they might manage his affairs and dispose of as much of said property as was necessary to discharge his debts; that plaintiff should be considered a creditor to the extent of $20,000, and be paid that sum out of the proceeds, and prorate with other creditors if it should turn out that the property transferred would not sell for enough to pay said sum of $20,000 to plaintiff and his other obligations in full; that, at any time, plaintiff could terminate the agreement, and Sorenson would thereupon reconvey to him an undivided half of the real estate undisposed of, upon being paid a reasonable compensation for his services, but his son was, in that event, to retain the undivided one-half of the undisposed part; that the said defendants represented that defendant Weld had agreed to finance the carrying out of that arrangement; that pursuant to this agreement plaintiff executed and delivered deeds to said defendants conveying the 1,208 acres mentioned and also a bill of sale of the personal property; that thereafter his son and Sorenson sold of the personal property so as to receive $11,000 therefor, part of which was applied as agreed.

The complaint further alleges that in June of 1919 the defendants Sorenson and Weld falsely, and with intent to deprive plaintiff of his property, represented to him that his son refused to perform the agreement and had converted to his own use a large share of the money obtained from the sale of part of the personal property transferred as aforesaid, and also that the existing encumbrances on the land conveyed were larger than the value of the land, and could not be renewed, and therefore proposed to return to plaintiff the deeds and bill of sale made to his son and Sorenson, whereupon plaintiff should execute and deliver deeds and a bill of sale to Weld and Sorenson for said lands and personal property upon the same agreement made with the son and Sorenson as before stated, save that Weld was to receive for his services $2,000; that the proposal was accepted, and the deeds and the bill of sale executed and

delivered as agreed. It is further alleged that the defendants Weld and Sorenson disposed of the personal property for $15,000, and 600 acres of the land for $76,000 and that in some way they acquired $3,000 of liberty bonds which plaintiff had given to secure a debt he owed; that the defendants last named refuse to account for these bonds to him, refuse to consider him a creditor to the extent of $20,000 as agreed, and refuse to reconvey to him the 608 acres of land in Blue Earth county remaining unsold and in possession of plaintiff, although he has duly terminated the trust and has demanded a reconveyance thereof, but on the contrary they now claim this land as their own property.

The prayer is that plaintiff be-adjudged the exclusive owner of the 608 acres, subject to certain specified mortgages, and that the deeds conveying said 608 acres to defendants Weld and Sorenson be canceled; that defendants be required to account for the management of the property transferred to them by plaintiff; that Sorenson's compensation be determined; that $2,000 be allowed Weld as agreed, and that if the accounting shows a credit in favor of defendants it be made a lien on the land, and for such other relief as in equity plaintiff may be entitled to. The answer of relators claimed a purchase of the property and asked for a dismissal of the action.

The rule is that section 7715, G. S. 1913, applies only to such actions as are wholly local, as distinguished from those that are partly local and partly transitory. State v. District Court of Pennington County, 138 Minn. 336, 164 N. W. 1014. Smith v. Barr, 76 Minn. 513, 79 N. W. 507, states: "Inasmuch as the general rule is that actions must be brought and tried where the parties reside, and that they must be brought and tried where the subject matter is situated is the exception to the rule, it has been frequently held that, to bring the case within the exception, the subject matter must be wholly local, that is, exclusively within the exception." Clearly it cannot be said that the claim for the conversion of the $3,000 liberty bonds is anything but a transitory cause of action. It is not an incident to a determination of defendants' interest in the 608 acres of land. Neither is the accounting demanded for the large amount of personal property a subject matter of a local nature. The same may be said as to the accounting for the $76,000 received upon

the sale of the 600 acres of the land covered by the agreement, and as to which land plaintiff claims no interest.

The action is not for the recovery of land, for plaintiff claims to be in possession. Nor does the complaint state the ordinary action to determine an adverse claim to these 608 acres; neither do relators make it such an action by asking for any relief against plaintiff's claim. As we view the complaint it states a personal action against relators for the cancelation of a trust agreement and an accounting based on the propositions that the agreement was obtained by fraud and deception, and also that under the terms of the agreement plaintiff had a right to terminate it whenever he saw fit, and demand a return of the property not sold and an accounting for that disposed of, and that he had elected to terminate the same.

Actions for the cancelation of contracts, even though covering real estate, may be transitory and not local. State v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725. The author in 40 Cyc. page 59, well states the rule thus: "It is a general principle of equity jurisdiction that although a question of title to land may be involved in the inquiry, and may even constitute the essential point upon which the case depends, yet if the question before the court is not 'a naked question of title,' but a question of defendant's personal obligation because of a contract, or as a trustee, or as a holder of a legal title acquired by some species of mala fides practiced on plaintiff, then the place of trial is not restricted to the location of the land. In such cases the subject matter of the inquiry is not the title to the land, alhough the title is involved in the inquiry, but the personal obligation of contract or of trust."

We think the cancelation of the trust arrangement and an accounting is the main subject matter of the action, and if that be determined in plaintiff's favor the cancelation of the deeds given to relators to the 608 acres of land follows as a necessary incident.

Let a peremptory writ issue as prayed.