STATE EX REL. EDWARD H. BEISE AND LEONARD L. BEISE
v. THE DISTRICT COURT OF BLUE EARTH COUNTY,
MINNESOTA, AND HON. W. L. COMSTOCK,
JUDGE THEREOF.[1]

December 16, 1921.

No. 22,674.

**Mandamus to retain local action from change of venue — peremptory writ.**

On the facts stated in the opinion the action is *held* to involve the title to real property situated in Blue Earth county and to be triable in that county.

Upon the relation of Edward H. Beise and Leonard L. Beise, the supreme court granted its alternative writ of mandamus directed to the district court for Blue Earth county and the Honorable W. L. Comstock, judge thereof, to retain the action mentioned in the opinion for trial in that county. Peremptory writ granted.

*C. J. Laurisch, S. B. Wilson* and *H. A. Johnson,* for relators.

*Moonan & Moonan,* for respondents.

[1]Reported in 185 N. W. 953.

PER CURIAM.

This is a procedure to secure, upon the petition of Edward H. and Leonard L. Beise, father and son, a writ of mandamus, directing the district court of Blue Earth county to retain the action hereinafter referred to for trial in that county.

On December 6, 1920, the relator, Edward H. Beise, brought an action in the district court of Blue Earth county against Burt I. Weld, Maud R. Weld, Peter C. Sorenson, Marcia Sorenson and Leonard L. Beise, to determine adverse claims to 608 acres of land in Blue Earth county, under section 8060, G. S. 1913. Plaintiff resides in Blue Earth, defendant Beise in Hennepin and the other defendants in Murray county, this state. The defendants residing in Murray county took the usual steps to have the venue changed to that county where a majority of the defendants reside, under section 7715, G. S. 1913. The court granted the change, but the files have not been transmitted.

The complaint is in the usual form to determine adverse claims to real estate. The Murray county defendants answered, alleging ownership and title to the land in the defendants Burt I. Weld and Peter C. Sorenson, under a warranty deed, and denying the allegations of the complaint. The defendant Beise answered separately, alleging that he is the owner of an undivided one-half interest in said land under a warranty deed. The plaintiff replied to the answer of the Murray county defendants, setting forth various transactions of fraud, bad faith, conspiracy, etc., on the part of Weld and Sorenson in procuring the deed under which they claim title, denying the allegations of their answer, and demanding judgment as prayed for in his complaint. The allegations of the reply are the same as those in the complaint in a former action between the same parties before this court and reported in 146 Minn. 422, 178 N. W. 1004.

The question is whether the subject of the action is local, as distinguished from those partly local and partly transitory. That is, if the subject matter of the action is situated in a county other than one in which the parties reside and the primary and principal relief sought relates to such subject matter, then the action is local and must be brought and tried in the county where such subject matter is situated. State v. District Court of Clay County, 120 Minn. 99, 139 N. W. 135;

State v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725.

Section 7715, G. S. 1913, provides that: "Actions for the recovery of real estate, the foreclosure of a mortgage or other lien thereon, the partition thereof, the determination in any form of an estate or interest therein, * * * shall be tried in the county where such real estate or some part thereof is situated * * *." Under this statute, where real estate is the subject matter of an action and the principal relief sought relates to the title thereto, the action must be brought and tried in the county where the property is situated. Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408; State v. District Court of Big Stone County, 120 Minn. 526, 139 N. W. 613; Kretzschmar v. Meehan, 74 Minn. 211, 77 N. W. 41; Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523.

Actions of this class are brought to compel the defendants to tender issues, unless they choose to abandon their claims. Walton v. Perkins, 28 Minn. 413, 10 N. W. 424. The defendants answered, asserting title in themselves, thereby raising a direct issue as to the title to the land. No other issue is raised by the pleadings. In his reply plaintiff alleges certain matters bearing upon the character and source of Weld and Sorenson's alleged title, explanatory of how they procured the same and as bearing upon its validity, and demands judgment as prayed for in the complaint. No other relief or kind of judgment is asked for in any of the pleadings, nor do we understand how any other could be had. When the former action between the parties was being considered, an entirely different situation was presented. There the allegations of the complaint alone were being considered and it was held that it stated a cause of action upon contract which was transitory. In the case now under consideration the reply must be considered and construed in connection with the other pleadings, in order to determine the real issue. When so considered it is clear that the issues involve the title to the land only. The relief asked relates to nothing but the real estate described in the complaint. The issue and nature of the action cannot be determined from affidavits of an adverse litigant.

Let a peremptory writ issue as prayed.