### W. B. FOSHAY COMPANY v. MERCANTILE TRUST COMPANY AND OTHERS.[1]

March 26, 1926.

No. 25,481.

**Action is not wholly local and within section 9207.**

1. Where the primary purpose of an action is to establish the existence of a constructive trust, obtain an accounting, and have the court determine whether the rights of the defendants in the property which is the subject of the alleged trust are superior to those of the plaintiff, the action is not wholly local and does not come within the provisions of G. S. 1923, § 9207.

**Nor was it made so by filing affidavit for attachment.**

2. By filing an affidavit for the attachment of the property, plaintiff did not elect to treat the action as purely local.

**Showing made did not prove opponents of motion were merely nominal parties.**

3. One of the grounds of a motion for a change of venue was that, within the meaning of G. S. 1923, § 9216, certain persons had been made defendants for the purpose of preventing the change. The showing made in support of the motion fell short of establishing the contention that the defendants who opposed it were merely nominal parties having no substantial interests at stake.

[1]Reported in 208 N. W. 203.

Whether venue is proper depends on whether interest of each defendant
    is adverse to that of plaintiff against other defendants.

4.  The facts alleged in the complaint bring the case within the
general rule that, to determine whether the venue is proper and the
suit brought against a bona fide defendant, the court will inquire
into the interest of each party defendant and if his interest appears
to be adverse to that of the plaintiff in respect to the cause of action
against the other defendants, or if plaintiff cannot obtain full relief
without binding him by the terms of the judgment, he will be *held*
to be a proper party defendant.

> Venue 40 Cyc. p. 59 n. 7; p. 101 n. 98; p. 115 n. 94 New; p. 128 n.
> 49; p. 166 n. 69.

---

> See 27 R. C. L. p. 805.

The district court of Hennepin county, upon application of certain
of the defendants, changed the place of trial from Hennepin to Scott
county.  Upon the relation of the plaintiff and certain of the de-
fendants this court issued an order to show cause, directed to the
Hennepin county district court and the district court of Scott
county, why mandamus should not issue to compel the return of
the case to Hennepin county.  Writ issued.

*H. E. Fryberger, Donald E. Bridgman, Lancaster, Simpson, Junell
& Dorsey,* and *H. V. Mercer & Co.* for relators.

*Todd, Fosnes & Sterling,* and *Joseph J. Moriarty,* for respondents.

LEES, C.

The district court of Hennepin county granted the motion of the
defendants, American Range Corporation (hereafter designated as
the range company), Joseph J. Moriarty and C. D. MacLaren, for
a change of venue from Hennepin to Scott county.  The plaintiff
and all the other defendants, except the Mercantile Trust Company
(hereafter designated as the trust company), applied to this court
for a writ of mandamus to compel the return of the case to Henne-
pin county, and an order to show cause was issued, upon which
the matter comes before us.

The motion was based on two grounds and was granted on both, viz: (1) That the subject matter of the action was land in Scott county, and that the object of the action was to deprive the range company of its title thereto; and (2) that the moving parties were the only real defendants among all of those who had been served with the summons. Moriarty was a resident of Scott county, the range company was a domestic corporation, having its office and principal place of business in that county, and MacLaren was a resident of Ramsey county. Of the other defendants, five were residents of or corporations located in Hennepin county, and one, the trust company, was a foreign corporation. If the action is purely local, the court was right in transferring it to Scott county, under G. S. 1923, § 9207.

1. As we read the complaint, the primary purpose of the action is to establish the existence of a constructive trust for the benefit of the plaintiff, obtain an accounting and have the court determine whether the rights of the defendants who are relators here are superior to those of the plaintiff.

The modern tendency is to treat all actions as transitory which are not clearly and wholly local. The complaint shows that this action is not wholly local and does not come within § 9207, and the motion for a change of venue could not be granted on that ground. See State v. District Court, 138 Minn. 336, 164 N. W. 1014; State v. District Court, 154 Minn. 397, 191 N. W. 814.

2. The contention that, by filing an affidavit for the attachment of the trust company's interest in the property, plaintiff elected to treat the action as local, cannot be sustained. If an action is transitory in fact, the plaintiff may attach the land of the defendant without losing the right to insist that the action is not local. It is unnecessary to consider whether a party may be estopped by his conduct from asserting that a transitory action is local. The essentials of an estoppel are not present here.

3. G. S. 1923, § 9216, provides that the venue may be changed by order of the court when it is made to appear that anyone has been made a defendant for the purpose of preventing a change of venue

under G. S. 1923, § 9215. While the motion was pending plaintiff dismissed the action as to the defendant Moriarty and brought the fact to the attention of the court. Later, but not before the motion was disposed of, the action was also dismissed as to the defendant MacLaren. Respondents contend that the trust company and the range company are the only real defendants, that all the others except Moriarty and MacLaren were joined for the sole purpose of preventing a change of venue, hence the range company has an absolute right to have the action tried in Scott county.

To understand the situation, the substance of the complaint should be stated. The complaint alleges that early in the year 1924 the credit of the American Range & Foundry Company (hereafter designated as the foundry company) became impaired; that plaintiff, the trust company and the Bankers National Bank, one of the defendants, were financially interested in protecting the foundry company from attacks by creditors and became associated in a joint enterprise having for its purpose the continuance of the foundry company as a going concern. It alleges that the trust company, in disregard of its duties to its associates, caused the company to be thrown into bankruptcy in order that there might be a forced sale of its property; that the property was sold by the trustee in bankruptcy and bid in at a grossly inadequate price by a person acting for the trust company who subsequently turned it over to the range company, which is an offshoot of the trust company and under its control; that these two companies hold the property as trustees ex maleficio, for the benefit of the plaintiff; that the defendants Bankers National Bank, George L. Nye, Charles W. Nye and Tillie C. Potter, claim to have liens upon and rights in the property adverse to the plaintiff, and the court is asked to determine inter alia the nature and priority of these rights. It seems therefore that if plaintiff succeeds in establishing its alleged cause of action against the trust company and the range company subordinate questions will arise which cannot be finally determined unless the Bankers National Bank, the Nyes and Mrs. Potter are brought into court.

Respondents point to the fact that the bank filed its claim against

the foundry company in the bankruptcy court and that it was allowed and a small dividend paid thereon, and to the further fact that neither the Nyes, Mrs. Potter nor the bank brought to the attention of the bankruptcy court the claims which they propose to litigate in this action. The alleged effect of all this is thus stated in respondents' brief:

"In this situation it is fundamental that the alleged lien claimants must look to the court of bankruptcy to protect their claims of lien, and that any other court is powerless to pass on claims of interest, right or lien in and to the property in custody of another court."

For this reason it is said that the relators have lost the right to be heard upon the range company's motion for a change of the place of trial of this action. Plaintiff answers that it is not questioning the adjudication of bankruptcy or the formal proceedings in the bankruptcy court, or the sale of the property. It says that the situation is to be viewed in the light of the transactions prior to the adjudication in bankruptcy and the occurrences after the bankruptcy court had exhausted its jurisdiction over the bankrupt's estate. It calls attention to the allegation of the complaint that the purchaser from the trustee took the property with full knowledge of all the antecedent facts and circumstances, and invokes the doctrine of King v. Remington, 36 Minn. 15, 29 N. W. 352, and particularly the principles stated on pages 33 and 34 of the opinion.

We think King v. Remington is in point. If the facts stated in the complaint should be proven, it would follow that the alleged trust could be enforced against the purchaser from the trustee in bankruptcy because the equities between the parties to the alleged constructive trust were not before the bankruptcy court. In this situation it cannot be held that the relators were not properly joined as defendants in the present action and have no voice in the matter of determining the place of trial.

4. Another point upon which respondents rely is thus stated in their brief:

"The interest of each one of the relators * * * is such that should the court have jurisdiction to hear and determine his claims

he could have instituted this same litigation as a party plaintiff. * * * The respondents are the only parties to this action against whom affirmative relief is being asked save the Mercantile Trust Company, a foreign corporation, which did not appear on the motion and probably would have no voice in determining venue."

It is therefore argued that upon a motion for a change of venue all the relators should be regarded as parties plaintiff and not as defendants in anything but name. Klein v. German Nat. Bank, 69 Ark. 140, 61 S. W. 572, 86 Am. St. 183, and Wolcott v. Wolcott, 32 Wis. 63, are cited in support of the argument. It may be conceded that, as a general rule, a defendant whose interests are hostile to those of his codefendants and in accord with those of the plaintiff, may not defeat an application for a change of venue by refusing to join in it. The interests of the bank, the Nyes and Mrs. Potter, accord with those of the plaintiff insofar as the relief sought consists in establishing the alleged trust, but at that point their interests diverge and the rule stated in 27 R. C. L. 805 becomes applicable:

"In every case the true test to determine whether or not the venue is proper * * * is whether the defendant served in the county where the suit is brought is a bona fide defendant * * * and whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants. In equity actions may be added the inquiry whether or not the plaintiff can obtain full, suitable, and satisfactory relief without joining such party, and binding him by the terms of the judgment and decree."

Plaintiff could not obtain full relief without joining the relators as defendants, for, if they were not joined and plaintiff prevailed against the trust company and the range company, the relative rights of plaintiff and the relators, if not amicably adjusted, would have to be determined by further litigation.

There was no substantal conflict in the evidence offered at the hearing of the motion. The vital question before the court was

whether it should be held, as a matter of law, that relators appeared to have interests adverse to plaintiff, or rights which would have to be determined in order to make a final disposition of the case. We think the question should have been answered in the affirmative. A consideration of all the points discussed in the briefs leads to the conclusion that the venue was properly laid in Hennepin county and that the court erred in granting the respondents' motion.

It is ordered that a peremptory writ of mandamus issue directing the district court of Scott county and the clerk thereof to return all the files and records in the case to Hennepin county for the trial of the action in that county.