CLEMENT K. QUINN v. BUTLER BROTHERS AND OTHERS.[1]

June 4, 1926.

No. 25,480.

**Change of venue of transitory action.**
1. A suit by a minority stockholder to compel the assignment of a mining lease to his corporation, based on an allegation that the directors, in violation of their duties as fiduciaries, had taken the lease in the name of another corporation, is not local and, though brought in the county where the leased land is situated, may be removed on the demand of the defendants to the county of their residence.

**Suit not transformed to one in rem.**
2. When the relief sought by such a suit is obtainable by a judgment in personam, the fact that the court has power to transfer the lease by judgment under G. S. 1923, § 9523, does not transform the suit into one in rem or necessitate its trial in the county where the res is situated.

Venue 40 Cyc. p. 59 n. 7; p. 60 n. 9.

[1]Reported in 209 N. W. 270.

Action in the district court for Itasca county by a stockholder in the Quinn Mining Company to have the court decree that Butler Brothers held a lease as trustee for the Quinn Company. The venue was changed to Ramsey county upon demand of defendants pursuant to statute. The motion of plaintiff to remand to Itasca county was denied by the district court of Ramsey county, R. D. O'Brien, J. The plaintiff then brought mandamus in this court. Writ discharged.

*Fryberger, Fulton, Hoshour & Boyle*, for relator.

*Doherty, Rumble, Bunn & Butler* and *Clapp, Richardson, Elmquist, Briggs & Macartney*, for respondents.

LEES, C.

This action was brought by a stockholder in the Quinn Mining Company, a Minnesota corporation, who alleged that certain persons named in the complaint were the directors and a majority of the stockholders of the corporation; that they also owned all the stock of Butler Brothers, another Minnesota corporation; that the Quinn Company had obtained a lease of valuable mining property from the Mississippi Land Company, a Minnesota corporation; that the lease had expired; that, to protect the interests of the Quinn Company, it was necessary to obtain from the Land Company a renewal of the lease to the Quinn Company, but instead of doing so the directors of that company took the lease in the name of Butler Bros. thereby wrongfully depriving the Quinn Company and plaintiff, as a stockholder therein, of the benefits thereof.

The purpose of the action was to have the court decree that Butler Bros. held the lease as trustee for the Quinn Company and to require the transfer thereof to that company.

The action was begun in Itasca county where the land is situated, but the venue was changed to Ramsey county upon the demand of the defendants, pursuant to G. S. 1923, § 9215, and plaintiff's subsequent application to have the case remanded to Itasca county was denied. Upon his petition this court directed the district court of Ramsey county to show cause why a peremptory writ of mandamus

should not issue to compel the return of the record and files to Itasca county for the trial of the action in that county, and the matter has been submitted by both parties on the briefs of counsel.

It is the contention of the relator that this action is local within the meaning of G. S. 1923, § 9207, while the respondents contend that it is transitory and subject to the provisions of G. S. 1923, §§ 9214, 9215. If the action is local, the court was wrong in denying the relator's application; but if it is of a transitory nature the court was right.

1. The test by which to determine whether an action is local or transitory is well stated in State v. District Court, 146 Minn. 422, 178 N. W. 1004, substantially as follows: If the question before the court concerns the alleged personal obligation of the defendant as a trustee, or as the holder of a legal title acquired by some species of mala fides practiced on the plaintiff, and is not merely a naked question of title, then the place of trial is not restricted to the county in which the land is situated. Although the title may be involved, it does not necessarily follow that the action is local and unless it is wholly local it does not come within the purview of § 9207. See also State v. District Court, 154 Minn. 397, 191 N. W. 814; State v. District Court, 164 Minn. 433, 205 N. W. 284.

Applying this test, we conclude that the subject matter of this action is not wholly local. True, a leasehold interest in land is involved and plaintiff is seeking to acquire it for the corporation in whose right he sues. But the primary purpose of the action is to have it determined that the directors of the Quinn Company took the lease in the name of Butler Bros. in breach of their fiduciary duty to the Quinn Company and to serve their own selfish ends as owners of the stock of Butler Bros. To prevail on the theory upon which the complaint is framed a trust ex maleficio must be established, and in this respect the case resembles W. B. Foshay Co. v. Mercantile Trust Co. 166 Minn. 442, 208 N. W. 203, where we held that such an action is not wholly local.

Counsel for relator have collected and carefully analyzed cases from other jurisdictions, but we think it unnecessary to mention

them, for the question is one of local practice which has become settled by our own decisions.

2. The point is made that, under G. S. 1923, § 9523, the court may properly transfer the lease from Butler Bros. to the Quinn Company by judgment, hence the suit is one in rem and not in personam and must be tried in the county where the res is situated. Smith v. Smith, 123 Minn. 431, 144 N. W. 138, 52 L. R. A. (N. S.) 1061, is cited in support of this proposition. That case affected land owned by a nonresident who could not be compelled by a personal judgment to execute a deed of conveyance. Since he was beyond the jurisdiction of the court, its decree though in form in personam could be effectuated only by passing title to the land by the decree under the authority conferred by the statute.

In the case at bar all the defendants are within the state and subject to the jurisdiction of its courts, and the judgment, if one is obtained, may be enforced by proceeding against them in personam. Moreover it appears from the complaint that the suit was brought on the theory that the lease may be reached by a decree in personam, a theory which seems proper in view of the facts pleaded.

We are of the opinion that the court below ruled correctly in refusing to remand the case to Itasca county, and the application for a writ of mandamus is denied and the order to show cause discharged.