## STATE EX REL. EMMA GOODIN v. DISTRICT COURT OF ANOKA COUNTY.[1]

November 20, 1931.

No. 28,806.

[1]Reported in 239 N. W. 143.

*Thomas Tallakson,* for petitioner.
*F. S. Stewart,* for respondent.

Stone, J.

This cause is now before us on an order directing the district court of Anoka county to show cause why the case should not be remanded to Hennepin county. It was commenced there and removed to Anoka county summarily on the petition of defendants under the statute. G. S. 1923 (2 Mason, 1927) § 9215. There was a motion to remand, which was denied.

The only relief sought by plaintiff against defendants Joseph S. Goodin and Louise Ann Goodin, his wife, is to have set aside a deed from herself and her husband, now deceased, conveying to defendant Joseph S. Goodin land in Hennepin county. Fraud and breach of a contract of maintenance and support, alleged to have been entered into concurrently with and as consideration for the deed, are the grounds assigned. As against defendant Anoka National Bank, the only remedy sought is the annulment of two mortgages, in which defendants Goodin are the mortgagors and it is the mortgagee. There is no demand for any remedy, strictly in personam, against defendants, and no money judgment is sought against any of them. In that situation we hold the action to be local and not transitory. G. S. 1923 (2 Mason, 1927) § 9207; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; State ex rel. Lijeski v. District Court, 120 Minn. 526, 139 N. W. 613; State ex rel. Beise v. District Court, 150 Minn. 512, 185 N. W. 953; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10108.

Such cases as State ex rel. Weld v. District Court, 146 Minn. 422, 178 N. W. 1004; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; Quinn v. Butler Brothers, 167 Minn. 463, 209 N. W. 270, are distinguishable for the reason that they involve enough of an effort to obtain personal relief against one or more defendants to deprive them of the local nature they might otherwise have and so to make them transitory under our statutes relating

506

to venue. For example, in the Weld case, 146 Minn. 422, 178 N. W. 1004, the prayer was for a termination of a partially executed trust agreement involving both real and personal property and for an accounting. In the Nyquist case, 164 Minn. 433, 205 N. W. 284, the relief sought was the cancelation of an executory contract for the exchange of lands in different counties. Quinn v. Butler Brothers, 167 Minn. 463, 209 N. W. 270, was a stockholder's action wherein the relief wanted was the compelled assignment of a mining lease, which could be accomplished by a judgment operating in personam against the defendants. Although the title to the leasehold was involved, that did not give the case enough of a local aspect to keep it from being transitory.

Here plaintiff's ultimate purpose is to procure a judgment reinvesting her with the title of Hennepin county land. All other issues are incidental and collateral. The action is local within the rule of our cases as stated in Quinn v. Butler Brothers, 167 Minn. 463, 209 N. W. 270.

It follows that a writ of mandamus must issue directing that the case with all the records and files therein be sent back to Hennepin county for trial.

