MINNEAPOLIS - ST. PAUL SANITARY DISTRICT v. CITY OF ST. PAUL AND ANOTHER.
CITY OF MINNEAPOLIS, RELATOR.[1]

June 16, 1950.

No. 35,244.

---

[1]Reported in 43 N. W. (2d) 219.

*John F. Bonner,* City Attorney, and *Charles A. Sawyer* and *Raymond H. Hegna,* Assistant City Attorneys, for relator.

*Thomas W. Walsh,* for respondent Minneapolis-St. Paul Sanitary District.

*Bruce J. Broady,* Corporation Counsel, and *William M. Serbine,* Assistant Corporation Counsel, for respondent City of St. Paul.

MAGNEY, JUSTICE.

Plaintiff, Minneapolis-St.Paul Sanitary District (hereinafter referred to as the district), commenced an action in the district court of Ramsey county for a declaratory judgment construing and interpreting L. 1933, c. 341, § 17, as amended, being M. S. A. 445.17, so as to fix the proper allocation of costs chargeable to each of the defendants, the city of St. Paul and the city of Minneapolis (hereinafter referred to as St. Paul and Minneapolis), for the proposed purchase and installation by the sanitary district of two vacuum filters and an incinerator in Ramsey county. L. 1933, c. 341 (M. S. A. c. 445), as amended, provides for the erection and maintenance of a sewage disposal plant, and under the provisions of that law Minneapolis and St. Paul are required to contribute to the construction and maintenance of such plant.

On February 23, 1950, Minneapolis served on the other parties a notice of motion for change of venue of the action to Hennepin county on the following grounds:

(1) That by reason of the fact that Minneapolis is a municipal corporation the action is a local action and should be tried in the county in which it is located;

(2) That St. Paul is a defendant in name only; that its interests are not adverse to those of the plaintiff and are adverse to those of Minneapolis; and that for the purpose of venue St. Paul stands in the position of plaintiff rather than defendant; and

(3) That under § 542.11(2) St. Paul has been made a defendant for the purpose of preventing a change of venue under § 542.10.

The application for change of venue was denied, and Minneapolis applied to and obtained from this court an alternative writ of mandamus to compel the court to transfer the cause to Hennepin county.

The district proposed to enlarge its sewage disposal plant by adding thereto two vacuum filters and an incinerator. A dispute arose between the authorities of Minneapolis and St. Paul over the proper allocation of costs of the additional installations. The attorney general was requested by the district for an opinion as to the construction of the disputed statute, § 445.17. He construed the statute to mean that the expense of the new additions should be paid for by a uniform annual tax upon the property of the district. Minneapolis contends that the expense should be borne by the two cities on the basis of the volume of sewage contributed by each city. If the latter basis of allocation of costs is used, Minneapolis would bear about $10,000 less of the cost than under the basis called for by the attorney general's interpretation of the statute.

The district brought a declaratory judgment action in Ramsey county, joining Minneapolis and St. Paul as defendants. The complaint prays for a declaratory judgment construing L. 1933, c. 341, § 17 (M. S. A. 445.17), and determining the rights, obligations, and duties of defendant cities under the said statute and the extent to which each is liable to the district for the cost of the proposed additions.

382

The complaint sets out the opinion of the attorney general, and St. Paul in its answer admits that the opinion correctly interprets the meaning of the statute and correctly sets out the respective obligations of the two cities. Minneapolis bases its motion for change of venue on the grounds that St. Paul is not an adverse party to plaintiff, but is an adverse party to Minneapolis; that for venue purposes St. Paul must be regarded as a plaintiff; and that, with St. Paul eliminated as a party for venue purposes, by reason of the fact that Minneapolis is a municipal corporation, the action is a local action and should be tried in the county in which it is located.

In determining the question submitted to us, we must first consider the nature of the action here involved. This is not an action wherein plaintiff is seeking to recover a certain amount from Minneapolis as its share of the cost of the proposed additional installations and in which St. Paul in its answer alleges that the plaintiff is entitled to recover from Minneapolis the amount which it demands. This action is brought under the declaratory judgments act. Plaintiff is not asking to recover anything from anybody. It simply sets out the facts under which a dispute has arisen and asks the court for a declaratory judgment construing the applicable statute and determining the respective obligations of the two cities under the statute. It is, of course, patent that the defendant whose residence is made determinative of the venue of the action be a necessary party to the action and not one joined solely to justify the bringing of the action in the county of his residence. 56 Am. Jur., Venue, § 30.

M. S. A. 555.11 sets out the necessary parties when an action is brought under the declaratory judgments act. It reads:

"* * * all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Under this statute, it is apparent that St. Paul has an interest that would be affected by the declaration. In such case, it is a neces-

sary party. The controversy cannot be properly determined unless St. Paul be made a party. Since it is a necessary party in the action for a declaratory judgment, St. Paul cannot be ignored as a party defendant for the purpose of determining venue. Neither can it be said that St. Paul was joined as a party defendant for the purpose of preventing a change of venue from Ramsey county to Hennepin county, since St. Paul is a necessary party in the action brought.

Minneapolis relies upon State ex rel. Child v. District Court, 85 Minn. 283, 88 N. W. 755, wherein we held that a plaintiff cannot choose his venue simply by naming nominal defendants in the jurisdiction chosen. Language to the same effect is found in W. B. Foshay Co. v. Mercantile Trust Co. 166 Minn. 442, 208 N. W. 203. In the instant case, however, St. Paul is not a nominal defendant, but a necessary party for the determination of the question presented in the form of action used.

It is our opinion that the trial court was right in refusing to change the venue of this action from Ramsey county to Hennepin county.

Alternative writ of mandamus quashed.