HERMAN STUDEMAN v. MINNIE PALMER.[1]

October 17, 1952.

No. 35,928.

*Julius A. Coller II,* for relator.

*Elmer C. Jensen, W. E. Reyerson,* and *Reyerson & Comer,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

In this matter, the district court of Meeker county refused to change the venue of an action to Scott county, as requested by defendant (relator), and this application is made for a peremptory writ of mandamus to compel such transfer.

The question raised by defendant is whether the venue of an action to restrain her from proceeding further with the cancellation

[1]Reported in 55 N. W. (2d) 439.

of a contract for sale of real estate is transitory and to be tried in the county of defendant's residence, or whether it is local and to be tried in the county in which the land is located.

Defendant is, and for several years has been, a resident of Scott county. She sold certain lands in Meeker county under a contract for deed. Plaintiff (respondent) is the present assignee under that contract, which is in default. On June 19, 1952, a notice of cancellation was served on plaintiff. Thereafter, on or about July 15, the above entitled action was brought by plaintiff in Meeker county to restrain defendant from proceeding further with the cancellation of the contract. Prior to the commencement of this action in Meeker county, the above named plaintiff commenced an action in district court in Scott county against defendant to determine the balance due and owing on the contract for deed and to determine his right to have credit on the unpaid principal for money paid by the state of Minnesota in highway condemnation proceedings in the amount of $1,041 covering damages in the taking of a portion of the lands covered by the contract, which credit defendant refused to give.

It appears from the record that the condemnation proceedings were commenced long after the execution of the contract for deed on May 24, 1937, payment being made in February 1951. In its return to the writ of mandamus, the district court of Meeker county pointed out that the action in Scott county to determine the balance due on the contract and to have the $1,041 credit applied on the contract was commenced by plaintiff, Studeman, and not by defendant, Palmer, as set forth in paragraph VI of the petition for the writ in this matter.

In any event, it appears that the action in Scott county was submitted to the court on stipulated facts, and on May 3, 1952, the court made its findings of fact, conclusions of law, and order for judgment in favor of defendant. Thereafter, on June 9, plaintiff moved for amended findings or a new trial in the Scott county action, said motion to be heard on June 13, 1952, in Scott county district court. It appears from the record that no order was made on

this motion, except the order marked exhibit F, which is entitled "motion," and which, according to plaintiff's brief, is believed to be in error as to the date of hearing on the motion, inasmuch as the motion papers are dated June 9, 1952, and plaintiff claims that the hearing was actually held on June 13, 1952. It also appears from exhibit F that the Scott county court continued the matter for 40 days when it stated:

"Now, it is the judgment of the court at this particular time that the payments by virtue of being in default and notice previously given of the action will suffice, but so that there will be no question about this matter, the court is now continuing this matter for a period of forty days (40) to enable the assignee of the contract to make payment of all default payments up to the present time."

On June 19, 1952, defendant in the Scott county action, who is also defendant herein, caused to be served on plaintiff a notice of cancellation of contract pursuant to M. S. A. 559.21, which notice, according to the return to the writ of mandamus, was the first and only notice served by defendant since the making of the contract for deed on May 24, 1937. Prior to the expiration of the 30 days after service of the notice of cancellation, plaintiff commenced this action in Meeker county to restrain defendant from cancelling or foreclosing the contract and from taking further proceedings pursuant to the notice of cancellation, and he tendered into court $1,210 as the amount of the unpaid interest and principal due on the contract. He also requested such other relief as the court deemed proper.

Pursuant to notice of motion for a temporary restraining order, an order to show cause with restraining order was made returnable July 23, 1952, and was heard on that date in the district court of Meeker county. Prior to the return date of July 23, defendant filed her affidavit and demand for change of venue to *Scott* county on the ground that *Meeker* county was not the proper county for trial of the action, said demand being made pursuant to § 542.10. At the hearing on July 23, defendant appeared specially to question the jurisdiction of the court. After hearing arguments of counsel

on the question of venue and after submission of the motion for a temporary restraining order, the court overruled the special appearance of defendant, and the matter was submitted on its merits. Defendant did not participate in the hearing on the merits.

On August 5, 1952, the district court of Meeker county ordered the clerk of court of that county to retain in his possession the files in the above entitled action. The court further ordered that plaintiff's motion in all respects be granted and that defendant be restrained during the pendency of the action from taking any further proceedings pursuant to the notice of cancellation. It also ordered plaintiff to give a bond for $1,000 indemnifying defendant, which was done.

Shortly after the order of the court of August 5, defendant in this action served her answer to the complaint on plaintiff. After the service of defendant's answer, plaintiff moved for summary judgment under Rule 56 of the Rules of Civil Procedure for the district courts of Minnesota, to be heard on August 27, 1952, at Litchfield. On August 22, 1952, pursuant to a petition by defendant's attorney, an alternative writ of mandamus was issued out of the supreme court directing the Honorable C. A. Rolloff, district judge of Meeker county, and Stanley O. Ross, clerk of court of said county, to transmit the files in this action to Scott county or show cause why they had not done so.

Thereafter, pursuant to said alternative writ, the judge and clerk made their return, setting out, among other things: That the service of the notice to terminate the contract for sale of the Meeker county land was a statutory action or proceeding for foreclosure of the vendor's lien and to recover possession of lands in Meeker county; and that the venue of the action brought by plaintiff, who resides on the land in question in Meeker county, "having to do with the foreclosure of a vendor's lien in a contract for deed and having to do with the determination of estate and interest in said land of the party owning the vendee's interest and being in possession of said land, is properly laid in Meeker County pursuant to M. S. A. 542.02," which provides in part:

"Actions for the recovery of real estate, the foreclosure of a mortgage or other lien thereon, the partition thereof, the determination in any form of an estate or interest therein, and for injuries to lands within this state, shall be tried in the county where such real estate or some part thereof is situated, * * *."

In the return to the writ of mandamus, the judge and clerk took the position that defendant, having taken steps to foreclose her vendor's lien and cancel the contract for the sale of land in Meeker county by serving the 30-day statutory notice after Judge Flynn granted the 40-day continuation in the "motion" or order of June 7, 1952, abandoned her position in the declaratory judgment action and that the action in Scott county is "moot." It is further set out in the return that the notice of cancellation of contract served by defendant to foreclose her vendor's lien and terminate the contract for deed does not properly specify the defaults in the contract and does not give plaintiff the information required for him to pay the unpaid principal and interest; and that the notice fails to indicate whether defendant has given credit on the principal for the $1,041 received by her from the state of Minnesota in payment of damages in the highway condemnation proceedings.

It is our opinion that the district court of Meeker county has jurisdiction in the matter before us on this appeal since it appears from the record that it is either for the recovery of real estate or the determination of an interest in real estate within the provisions of § 542.02 and therefore should be tried in the county where the land is located. State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 42 N. W. (2d) 201; State ex rel. Schmitt v. Hoffmann, 233 Minn. 186, 46 N. W. (2d) 468.

Defendant cites as controlling State ex rel. Weld v. District Court, 146 Minn. 422, 178 N. W. 1004; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; and Quinn v. Butler Brothers, 167 Minn. 463, 209 N. W. 270. We have examined those cases and do not consider them controlling. For example, the subject matter of State ex rel. Weld v. District Court was the cancellation of a trust agreement and an accounting. In that case, the

agreement covered a large amount of personal property and 1,208 acres of land. While it is true that the court said there that actions for the cancellation of contracts, even though covering real estate, may be transitory and not local, the fact situation was entirely different from the one here, in that both personal property and real estate were involved. State ex rel. Nyquist v. District Court dealt with a different fact situation, as it involved cancellation of a contract on the ground of fraud. Quinn v. Butler Brothers was also different. It was an action by a minority stockholder to compel the assignment of a mining lease. In the case at bar it would seem undisputed that the subject matter is the land in Meeker county and for that reason we believe that the action should be tried in Meeker county.

Writ denied.