UNBANK CO., LLP, Appellant,

v.

MERWIN DRUG COMPANY, INC., Respondent.

No. A03–1029.

Court of Appeals of Minnesota.

April 6, 2004.

Norman J. Baer, Mark D. Wisser, Anthony Ostlund & Baer, P.A., Minneapolis, MN, for appellant.

George W. Soule, Amy B. Pinske, Kevin Curry, Bowman & Brooke LLP, Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge, PETERSON, Judge, and WILLIS, Judge.

## OPINION

LANSING, Judge.

In this declaratory judgment action, a currency-exchange licensee seeks a declaration construing a distance limitation in the licensing requirements imposed by Minn.Stat. § 53A.02, subd. 2 (2002), and an injunction restraining another currency-exchange licensee from operating within one-half mile. Because the statute at issue defines the licensing authority of the commissioner of commerce and the commissioner is not a party to this action, we affirm the district court's dismissal as modified.

### FACTS

Unbank Co., a limited liability partnership, has operated a currency exchange at 913 West Broadway in Minneapolis since 1984. Merwin Drug Co., Inc., obtained a currency exchange license for its location at 700 West Broadway in 1990. Merwin failed to renew its license, and it expired on December 31, 1991. In 1992 the Minnesota legislature amended Minn.Stat. § 53A.02 (1990) to provide that the commissioner of commerce may not issue or renew a currency-exchange license to a currency exchange located within one-half mile of an existing currency exchange. 1992 Minn. Laws ch. 504, §§ 2, 9.

In April 2002, Merwin stipulated to entry of a consent order that prohibited it from operating its currency exchange until it became properly licensed. Several months later, Merwin submitted an application to the department of commerce, and the commissioner issued Merwin a currency-exchange license.

Unbank brought this declaratory judgment action against Merwin in January 2003, seeking a declaration that "the issuance of a currency exchange license to Merwin for its West Broadway location is prohibited" and also seeking an injunction restraining Merwin from operating a currency exchange at its West Broadway location. Unbank notified the commerce commissioner of the lawsuit but did not sue the commissioner or join the commissioner as a party. Only Merwin was named as a defendant.

Merwin moved to dismiss the complaint. The district court concluded that Unbank's complaint had not established a justiciable controversy between Unbank and Merwin, that Unbank lacked standing to obtain a declaratory judgment, and that the court could not issue a declaratory judgment affecting Merwin's licensing status in an action in which the commissioner was not a party. The district court dismissed the declaratory action with prejudice, and this appeal followed.

## ISSUE

May the district court issue a declaratory judgment determining a currency-exchange licensing controversy under Minn. Stat. § 53A.02 (2002) without the presence of the commissioner of commerce?

## ANALYSIS

■ The Minnesota Declaratory Judgment Act empowers courts to declare rights, status, and other legal relations that are affected by a statute, ordinance, contract, or franchise. Minn.Stat. §§ 555.01, .02 (2002). A declaratory action presents a justiciable controversy if it "(a) involves definite and concrete assertions of right that emanate from a legal source, (b) involves a genuine conflict in tangible interests between parties with adverse interests, and (c) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion." *Cincinnati Ins. Co. v. Franck*, 621 N.W.2d 270, 273 (Minn.App. 2001). In an action for a declaratory judgment, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." Minn.Stat. § 555.11 (2002).

■ Unbank seeks a declaration that Merwin's operation of a currency exchange at the West Broadway location violates the licensing requirement imposed by Minn. Stat. § 53A.02, subd. 2 (2002), and an injunction restraining Merwin from operating a currency exchange at that location. The specific text that Unbank requests the court to construe provides:

No license may be issued or renewed under this chapter [Chapter 53A Currency Exchanges] if the place of business to be operated under the license is located or proposed to be located within one-half mile of another licensed currency exchange.

Minn.Stat. § 53A.02, subd. 2. "A person may not engage in the business of a currency exchange without first obtaining a license from the commissioner [of commerce]." Minn.Stat. § 53A.02, subd. 1 (2002).

The district court determined that the absence of the commissioner in Unbank's declaratory judgment action to construe section 53A.02, subd. 2, was a fatal defect. We agree. Merwin's currency-exchange license, which is at issue in this declaratory judgment action, was granted by the commissioner. The department of commerce indisputably has an interest in its licensing decisions and the legal interpretation of its governing act. The Minnesota Supreme Court has previously recognized that an administering state board has an interest in the act it administers that is affected by a declaratory judgment, as defined by Minn.Stat. § 555.11, and that a declaration of rights cannot be made when that entity is not a party to the action. *See Frisk v. Bd. of Educ. of Duluth*, 246 Minn. 366, 382, 75 N.W.2d 504, 514 (1956) (declining to declare rights under teacher's retirement act when administering board not a party to declaratory action); *see also Minneapolis–St. Paul Sanitary Dist. v. City of St. Paul*, 231 Minn. 379, 43 N.W.2d 219 (1950) (concluding that city is necessary party in declaratory judgment action con-

struing provision for erection and maintenance of sewage disposal plant).

■ Unbank and Merwin dispute whether the joinder rules set forth in Minn. R. Civ. P. 19, 20, and 21 or the definition of parties in Minn.Stat. § 555.11 should govern the determination of whether the commissioner is an indispensable party. The Minnesota Supreme Court has held that the rules of civil procedure apply to the provisions of the declaratory judgment act. *See State Auto. & Cas. Underwriters v. Lee*, 257 N.W.2d 573, 575–76 (Minn.1977) (providing that Uniform Declaratory Judgments Act is subject to provisions of Minn. R. Civ. P. 19). The rules of civil procedure supplement the provisions of Minn.Stat. § 555.11, which expressly provide that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Thus the joinder requirement in Minn.Stat. § 555.11 is consonant with but broader than the joinder requirement in rule 19. *See* Minn. R. Civ. P. 19 (listing factors for determining whether party is indispensable).

The commissioner is a necessary party to this declaratory judgment action under both Minn. R. Civ. P. 19 and Minn.Stat. § 555.11. If the district court entered judgment declaring that Merwin could not operate its currency exchange because it violates Minn.Stat. § 53A.02, subd. 2, the commissioner's interest in issuing a license and its policies in interpreting its licensing authority would be affected without providing a full opportunity to litigate the issue or a full adjudication of the commissioner's rights.

The commissioner's interest is readily demonstrated by the underlying controversy. Unbank contends that the 1992 distance-limitation amendment to the currency-exchange statute is unambiguous and precludes Merwin from possessing a license. Merwin, on the other hand, argues that the plain language of the distance-limitation amendment applies only to "licenses issued for new places of business that *begin operating* on or after [April 24, 1992]," 1992 Minn. Laws. ch. 504 § 9 (emphasis added). Merwin maintains that it is undisputed that it began operating before April 24, 1992, and therefore Minn.Stat. § 53A.02 does not prohibit its possession of a license. Merwin and Unbank invoke conflicting authority from other jurisdictions to support their respective positions. *Compare Glastonbury Co. v. Gillies*, 209 Conn. 175, 550 A.2d 8 (1988) (interpreting grandfather provision in insurance licensing statute to apply to an organization's licenses that had lapsed for periods from one to nine years), *with Coe v. City of Sevierville*, 21 S.W.3d 237 (Tenn.Ct.App. 2000) (restricting application of grandfather clause in licensing procedure to include only existing lawful activities).

If courts, through a declaratory judgment action, undertake to decide administrative-licensing issues without the participation of the licensing authority, the coequal branches of government relinquish a necessary balance. *See* Minn. Const. art. III, § 1 (dividing powers of government into three distinct departments and restricting exercise of powers belonging to another department). Licensees cannot confer licensing power on courts by tactical litigation that excludes consideration of the power and discretion of the licensing authority. The district court properly determined that the commissioner was a necessary party to the declaratory action.

■ For the same reason that the declaratory judgment action cannot go forward without the commissioner as a party, the action lacks justiciability. Section 53A.02, subdivision 2, imposes restrictions

on the commerce commissioner's power to license currency exchanges. Specifically, the commissioner may not issue or renew a currency-exchange license if the applicant is located within one-half mile of another licensed currency exchange. *Id.* It is the *commissioner's* licensing power that is fixed by the statute, not the respective rights of the licensees. As the district court correctly observed, there is no evidence of a genuine conflict between the parties over a tangible legal right belonging to Unbank.

Furthermore, issuing a declaratory judgment without the presence of the commissioner would prevent rather than promote the efficient and final termination of the controversy, since the attendant licensing issues would remain unresolved. *See* Minn.Stat. § 555.06 (2002) (*court may refuse to enter declaratory judgment if it would not terminate uncertainty or controversy*); *see also Cincinnati Ins. Co.,* 621 N.W.2d at 275 (noting that joinder of all necessary parties in a declaratory judgment allows efficient and final determination of a controversy).

■■ Unbank maintains that it has standing to bring this action under Minn. Stat. § 8.31, subd. 3a (2002), because that statute specifically authorizes private persons to bring actions to enforce chapter 53A, the currency-exchange statute. Unbank may have standing to seek enforcement of the provisions of the currency-exchange statute under section 8.31, subdivision 3a, in a properly constituted suit. But the presence of standing does not dispense with the requirements that a declaratory judgment must include all affected parties and must raise a justiciable issue. Standing and justiciability are related doctrines, but standing does not equate to justiciability. And proceeding under the private-attorney-general statute does not· mean that it is unnecessary to

join the commissioner of commerce when the commissioner's interest is affected. *See Seiz v. Citizens Pure Ice Co.,* 207 Minn. 277, 285, 290 N.W. 802, 805–06 (1940) (presence of attorney general in declaratory judgment action does not resolve problem of failing to sue agency that is necessary to justiciability).

We conclude that the district court did not err in dismissing Unbank's action, brought solely against Merwin, for its failure to join the commissioner of commerce as required by the declaratory judgment act and the Minnesota Rules of Civil Procedure.

■■ We do not find a basis, however, for dismissing the action with prejudice. We recognize that a district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. *See Branstrom & Assocs., Inc., v. Cmty. Mem'l Hosp.,* 296 Minn. 366, 367 n. 1, 209 N.W.2d 389, 390 n. 1 (1973) (concluding that a dismissal without prejudice was, in effect, a dismissal with prejudice); *see also Hulmes v. Honda Motor Co.,* 924 F.Supp. 673, 683 (D.N.J.1996) (characterization of "with prejudice" or "without prejudice" is not dispositive of whether second suit is barred); *Minn. Fed'n of Teachers v. Mammenga,* 485 N.W.2d 305, 310 (Minn.App.1992) (dismissal of federal action "with prejudice" did not constitute adjudication on the merits entitled to preclusive effect in successor suit in state court), *review denied* (Minn. June 30, 1992). Nonetheless, we note that the dismissal for failure to join the commissioner and the attendant lack of justiciability did not constitute an adjudication on the merits. Consequently the dismissal should not be designated as a dismissal with prejudice. *See* Minn. R. Civ. P. 41.02 (failure to join indispensable party pursuant to rule

19 does not operate as adjudication on merits).

## DECISION

We affirm the district court's dismissal of Unbank's declaratory judgment action for Unbank's failure to join the commissioner of commerce.

**Affirmed as modified.**