*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0509**

City of Hopkins,
Appellant,

vs.

Chris Stroner,
Respondent.

**Filed November 17, 2014
Affirmed as modified
Larkin, Judge**

Anoka County District Court
File No. 02-CV-13-5955

Marylee A. Abrams, Tiffany L. Schmidt, Abrams & Schmidt LLC, Arden Hills, Minnesota (for appellant)

Joseph A. Kelly, Kevin M. Beck, Kelly & Lemmons, P.A., Little Canada, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant city challenges the district court's dismissal of its action seeking a declaration that it is not financially responsible for invoices submitted by two individuals

who served as panel members at a hearing under the Veteran's Preference Act. Because appellant did not include those individuals as defendants in its declaratory-judgment action, the action did not present a justiciable controversy and the district court lacked jurisdiction. We therefore affirm the summary dismissal of appellant's declaratory-judgment action, but we modify the dismissal so that it is without prejudice.

## FACTS

Respondent Chris Stroner is an honorably discharged veteran who worked for appellant City of Hopkins as a sergeant in its police department. After the city notified Stroner of its intent to terminate his employment, Stroner challenged the termination under the Veteran's Preference Act (VPA), Minn. Stat. § 197.46 (2012). In accordance with the VPA, Stroner and the city each appointed an individual to serve on a panel that would hear Stroner's case, and their appointees chose a third panel member. The city selected Scott Nadeau, Stroner selected Terry Bartz, and Nadeau and Bartz selected Richard Miller. Nadeau's employer paid for his time on the panel, so he served without charge, but Bartz and Miller invoiced the city $37,312.50 and $58,425.29, respectively, for their services.

Miller e-mailed the city regarding payment of the invoices. Miller noted that the city had indicated that it "was not obligated to pay" half of his invoice or any of Bartz's invoice. The city responded with a request for an itemized accounting. Miller complied and informed the city that he "fully expect[s] to be paid, in full, by the City in the near

2

future, as do the other panel members that may have fees and expenses owing to them, as we have fulfilled our contractual obligation."[1]

Eight days later, the city filed a complaint for declaratory relief, seeking a declaration that it "is not financially responsible for paying any of the invoice of . . . Bartz" and that it "is responsible for only paying half of the invoice of . . . Miller." The city attached the invoices from Bartz and Miller to its complaint and alleged that the invoices request the city to "make full payment" for the services. But the city did not include Bartz and Miller as defendants. Instead, the city identified Stroner as the sole defendant, even though the city did not request a declaration regarding Stroner's financial responsibility for the invoices.

Stroner moved to dismiss under Minnesota Rule of Civil Procedure 12.02(e) for failure to state a claim upon which relief can be granted. Stroner submitted exhibits in support of his motion, including two orders from the Minnesota Office of Administrative Hearings and position papers from the League of Minnesota Cities and Minnesota Counties Insurance Trust, which generally opined that the "employer is responsible for all costs of the [VPA] hearing process." The city opposed Stroner's motion and submitted affidavits from John Baker, a partner in a law firm that specializes in veterans' issues, and Marylee Abrams, an attorney who has represented veterans under the VPA. The affidavits expressed the attorneys' beliefs that the employer and employee are responsible for the cost of the panel members they appoint and that the veteran may be

---

[1] Although Miller referred to a "contractual obligation," the parties agree that there is no contract or agreement specifying that the city would pay the panel members' fees.

3

responsible for half the cost of the third panel member. Later, the city asked the court to disregard Abrams's affidavit, and Baker contacted the district court and requested that his affidavit be withdrawn from the court file.

The district court considered the parties' submissions and therefore treated Stroner's motion as one for summary judgment.[2] In ruling on the motion, the district court noted that the VPA "is completely silent as to which party is responsible for the costs of a veteran's preference hearing" and that there is "no published case law directly on point." The district court considered another section of the VPA, Minn. Stat. § 197.481, subd. 5 (2012), and the materials submitted by Stroner and concluded that, "[t]aken together, these non-binding authorities provide persuasive authority that the employer is responsible for the entire cost of a veteran's preference hearing." The district court therefore dismissed the city's declaratory-judgment action. But the district court did not order the city to pay Bartz's and Miller's invoices.

The city requested reconsideration, arguing that the district court "lacked authority to dismiss a declaratory judgment complaint under a Minn. R. Civ. P. 12 motion treated as a summary judgment motion" and that the city "was not provided a reasonable opportunity to present all material made pertinent to a Rule 56 motion." The district court denied the city's request. The city appeals.

---

[2] "If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Minn. R. Civ. P. 12.02.

4

The Uniform Declaratory Judgments Act gives courts, "within their respective jurisdictions," the power to "declare rights, status, and other legal relations." Minn. Stat. § 555.01 (2012). But the act "does not, by itself, confer jurisdiction on a court over the action." *Hoeft v. Hennepin Cnty.*, 754 N.W.2d 717, 722 (Minn. App. 2008), *review denied* (Minn. Nov. 18, 2008). "If the parties to a declaratory action present no justiciable controversy, the court is without jurisdiction to declare rights." *Cincinnati Ins. Co. v. Franck*, 621 N.W.2d 270, 273 (Minn. App. 2001).

"Because an underlying justiciable controversy is essential to a court's exercise of jurisdiction, the court may always raise the issue on its own motion." *Id.* "Determining whether a justiciable controversy exists, and thus whether a district court has jurisdiction over a declaratory-judgment action, is a question of law, which we review de novo." *Hoeft*, 754 N.W.2d at 722-23. We therefore begin our analysis by determining whether the city's declaratory-judgment action, as pleaded, presents a justiciable controversy.

A justiciable controversy exists if a declaratory action "(1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves a genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion." *Onvoy, Inc. v. ALLETE, Inc.*, 736 N.W.2d 611, 617-18 (Minn. 2007).

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall

prejudice the rights of persons not parties to the proceeding." Minn. Stat. § 555.11 (2012). This statutory requirement is "consonant with but broader than" the joinder requirement in Minnesota Rule of Civil Procedure 19, which sets forth factors for determining whether a party is indispensable. *Unbank Co., LLP v. Merwin Drug Co., Inc.*, 677 N.W.2d 105, 108 (Minn. App. 2004). Failure to join an interested party is a "fatal defect" in a declaratory-judgment action. *Id.* at 107.

This court has held that a declaratory-judgment action does not present a justiciable controversy when all persons potentially affected by the action are not made parties to the action. *Cincinnati*, 621 N.W.2d at 275-76. We have also held that a declaratory-judgment action lacked justiciability because a nonparty had an interest in the underlying controversy and issuing a decision on the action would affect that interest "without providing a full opportunity to litigate the issue or a full adjudication of the [non-party's] rights." *Unbank*, 677 N.W.2d at 108.

In this case, Bartz and Miller invoiced the city, demanding payment for their services. They did not invoice Stroner, and the record does not suggest that they seek payment from Stroner. Miller e-mailed the city that he "fully expect[s] to be paid, in full, *by the City* in the near future, as do the other panel members that may have fees and expenses owing to them." (Emphasis added.) The city filed its declaratory-judgment action eight days later, seeking to limit its financial obligations to Bartz and Miller. On this record, the genuine conflict in tangible interests is between the city and Bartz and Miller. The city's failure to include Bartz and Miller as defendants defeats the

6

requirement that the controversy involve a concrete assertion of legal rights between adverse parties. *See Onvoy*, 736 N.W.2d at 617-18.

We recognize that the dismissal does not necessarily prejudice the financial interests of Bartz and Miller. However, a decision that the city is *not* responsible for their invoices was possible in the district court and is possible on appeal. And such a decision would affect their interests. For that reason, Bartz and Miller are interested parties who must be included in the city's declaratory-judgment action. *See* Minn. Stat. § 555.11 ("[A]ll persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."). Because the city failed to include them as defendants, the city's declaratory-judgment action did not present a justiciable controversy. *See Unbank*, 677 N.W.2d at 109 (affirming the dismissal of a declaratory-judgment action for failure to join a necessary party); *Cincinnati*, 621 N.W.2d at 276 (vacating a declaratory judgment because the action lacked justiciability).

Under this court's precedent, dismissal of the action is appropriate. *Unbank*, 677 N.W.2d at 109 ("[T]he district court did not err in dismissing [the] action . . . for its failure to join" a material party.). However, because such a dismissal does not reach the merits of the controversy, it is without prejudice. *See* Minn. R. Civ. P. 41.02(c) (providing that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits); *Unbank*, 677 N.W.2d at 109 ("[W]e note that the dismissal for failure to join . . . and the attendant lack of justiciability did not constitute an adjudication on the merits. Consequently, the dismissal should not be designated as dismissal with prejudice.").

We therefore affirm the district court's summary dismissal of the city's declaratory-judgment action on the ground that the city's action did not present a justiciable controversy between adverse parties, but we modify the dismissal to be without prejudice. Because the district court lacked jurisdiction to decide the action, we do not address the city's arguments regarding the merits of the district court's decision.

**Affirmed as modified.**